JANET M. HEROLD
Regional Solicitor
SUSAN SELETSKY
Wage and Hour Counsel
JOSEPH M. LAKE
Senior Trial Attorney
CA State Bar No. 246679
Office of the Solicitor
UNITED STATES DEPARTMENT OF LABOR
90 Seventh Street, Suite 3-700
San Francisco, California 94103
Telephone: (415) 625-7758
Facsimile: (415) 625-7772

Attorneys for Plaintiff, Thomas E. Perez
Secretary of Labor,
United States Department of Labor

## UNITED STATES DISTRICT COURT

## DISTRICT OF ARIZONA

| | |
|---|---|
| THOMAS E. PEREZ, SECRETARY OF LABOR, UNITED STATES DEPARTMENT OF LABOR,<br><br>          Plaintiff,<br><br>     vs.<br><br>AUSTIN ELECTRIC SERVICES LLC, a limited liability corporation; and TOBY THOMAS, an individual;<br><br>          Defendants. | Case No. _____<br><br>COMPLAINT FOR VIOLATIONS OF THE FAIR LABOR STANDARDS ACT |

1.      Plaintiff Secretary of Labor brings this action to enjoin Defendants Austin Electric Services LLC ("Austin Electric") and Toby Thomas from violating the provisions of Sections 7, 15(a)(2) and 15(a)(5) of the Fair Labor Standards Act of 1938, as amended ("FLSA" or the "Act"), 29 U.S.C. §§ 207, 215(a)(2) and 215(a)(5), and to recover unpaid overtime compensation owed under the FLSA to present and former employees of the Defendants

including those listed by name on the attached Exhibit A to this Complaint, together with an equal amount as liquidated damages, pursuant to FLSA Section 16(c), 29 U.S.C. § 216(c).

2.      Jurisdiction of this action is conferred upon the Court by Sections 16 and 17 of the FLSA, 29 U.S.C. §§ 216, 217; by 28 U.S.C. § 1331 (federal question); and by 28 U.S.C. § 1345 (United States as plaintiff).

3.      Venue lies in the United States District Court for the District of Arizona, pursuant to 28 U.S.C. § 1391(b), as Defendant Austin Electric maintains its headquarters in this district and a substantial part of the events or omissions giving rise to the instant claims occurred in this district.

4.      Defendant Austin Electric is and has been a limited liability corporation licensed to do business in the State of Arizona, with its principal place of business located at 1418 North Eliso C. Felix Jr. Way, Avondale, Arizona 85323, within the jurisdiction of this Court, where it is and has been engaged in the residential electrical business.

5.      At all relevant times, Defendant Austin Electric is and has been an employer within the meaning of FLSA Section 3(d), 29 U.S.C. § 203(d), in relation to the employees listed on Exhibit A to this Complaint, and other employees who worked for Defendant during the relevant time period who are not known to the Secretary at this time.

6.      Defendant Toby Thomas, an individual, resides within the jurisdiction of this Court, is the President of Austin Electric, and at all relevant times acted directly or indirectly in the interest of Westside in relation to its employees, including exercising day-to-day authority over the terms and conditions of employment, and control over Defendant's business in the state of Arizona.  As such, Toby Thomas is individually liable as an employer under Section 3(d) of

the FLSA, 29 U.S.C. § 203(d), for back wages and liquidated damages owed to Austin Electric's employees.

7.     At all times relevant to this Complaint, Defendant Austin Electric has employed employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

8.     At all times relevant to this Complaint, Defendant Austin Electric has been an "enterprise," as defined in FLSA Sections 3(r), 29 U.S.C. § 203(r), with business activities that are related and performed through unified operation or common control for a common business purpose.

9.     At all times relevant to this Complaint, Defendant Austin Electric has been engaged in the operation of an enterprise whose annual gross volume of sales made or business done was not less than $500,000.  As such, Austin Electric is and has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of FLSA § 3(s), 29 U.S.C. § 203(s).

10.     Defendants have willfully and repeatedly violated, and continue to violate, Sections 7 and 15(a)(2) of the FLSA, 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.  Defendants paid the employees at issue a piece rate for completing assigned tasks, and failed to pay those employees any additional compensation for overtime hours worked.

11.     Defendants have willfully violated, and continue to violate, Sections 11 and 15(a)(5) of the FLSA, 29 U.S.C. §§ 211 and 215(a)(5), by failing to maintain, keep, make

available (to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their written demand for such access), and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as required under 29 C.F.R. Part 516.  Specifically, Defendants failed to make, keep and preserve accurate records of hours worked by employees; instead, Defendants have knowingly provided false records of hours worked to the Secretary.  This has interfered with the ability of the employees, and derivatively, the Secretary, to detect, identify and have notice of the underpayment of overtime due under the FLSA.

12.     (a)     During the relevant statutory period, Defendants repeatedly violated the above-described provisions of the FLSA;

(b)     Defendants' violations of FLSA Sections 7, 11, and 15 are willful in nature;

(c)     As a result of the violations of the FLSA, there is unpaid overtime compensation being withheld by the Defendants;

(d)     Judgment permanently enjoining and restraining such violations of the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

(e)     Judgment enjoining and restraining any continued withholding of unpaid overtime compensation due under the FLSA is specifically authorized by FLSA Section 17, 29 U.S.C. § 217;

(f)     Judgment awarding unpaid back wages due under the FLSA, plus an additional amount, as liquidated damages, that is equal to the amount of the back wages that accrued under the FLSA, is specifically authorized by FLSA § 16(c), 29 U.S.C. § 216(c).

WHEREFORE, cause having been shown, the Secretary prays for a Judgment against Defendants as follows:

(a)     For an Order pursuant to Section 17 of the Act, 29 U.S.C. § 217, permanently enjoining and restraining Defendants, their officers, agents, servants, employees, and those persons in active concert or participation with them from prospectively violating the provisions of Section 15 of the Act, 29 U.S.C. § 215; and

(b)     For an Order:

(1)     pursuant to Section 16(c) of the Act, 29 U.S.C. § 216(c), finding Defendants liable for unpaid overtime compensation due Defendants' employees and for liquidated damages equal in amount to the unpaid compensation found due Defendants' employees listed in the attached Exhibit A for the relevant statutory period (additional back wages and liquidated damages may be owed to certain employees presently unknown to plaintiff for the period covered by this complaint); or in the event liquidated damages are not awarded;

(2)     pursuant to Section 17 of the Act, 29 U.S.C. § 217, enjoining and restraining Defendants, their officers, agents, servants, employees and those persons in active concert or participation with defendants, from withholding payment of unpaid back wages found to be due Defendants' employees for the relevant statutory period;

(c)     For an Order awarding plaintiff the costs of this action; and

(d)     For an Order granting such other and further legal and equitable relief as may be necessary or appropriate.

DATED: August 15, 2016                    M. PATRICIA SMITH
                                          Solicitor of Labor

                                          JANET M. HEROLD
                                          Regional Solicitor

SUSAN SELETSKY
Wage and Hour Counsel

By: _/s/ Joseph Lake_____
JOSEPH M. LAKE
Senior Trial Attorney

Attorneys for Plaintiff
United States Department of Labor

1

**<u>EXHIBIT A</u>**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28