**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta,<br><br>　　　　　Plaintiff,<br><br>v.<br><br>Austin Electric Services LLC and Toby Thomas,<br><br>　　　　　Defendants. | No. CV-16-02737-PHX-ROS<br><br>**ORDER** |

Plaintiff Secretary of Labor ("the Secretary") alleges Defendants Austin Electric Services LLC and Toby Thomas, Austin Electric's President (collectively, "Defendants"), failed to pay employees overtime compensation and to keep employee records, in violation of the Fair Labor Standards Act ("FLSA"). In anticipation of the limited reopening of discovery, Defendants moved for Rule 37(c) sanctions to exclude 29 of the Secretary's trial witnesses and all damages calculations beyond July 2015. (Doc. 185.) For the foregoing reasons, Defendants' motion will be granted in part and denied in part.

## BACKGROUND

The Secretary alleges Defendants violated the FLSA by failing to pay employees overtime compensation and failing to keep employee records. The case proceeded to discovery, which, except as discussed below, ended in October 2017. Trial is set to begin on January 15, 2019. (Doc. 172.)

A key component of the Secretary's case is the testimony of informer witnesses—current and former employees of Defendants who were allegedly denied overtime compensation. Because the identities of these witnesses are protected by the government's informants privilege, the Court allowed the Secretary to withhold the identities of informer trial witnesses until shortly before trial. The Court ordered the Secretary to disclose the identities of its informer witnesses who will testify at trial—as well as any unredacted documents relating to those witnesses—by October 1, 2018. (Docs. 102, 172.)

Following these disclosures, discovery is scheduled to reopen for 15 days, beginning October 15, 2018 and ending November 2, 2018. During this time, Defendants will have the opportunity to "interview and/or depose the Secretary's informer witnesses and other individuals who may be disclosed in the documents and information the Secretary produces." (Doc. 172 at 20:14–16.)

On October 3, 2018, after receiving the Secretary's disclosure of 40 witness names, Defendants filed a motion for Rule 37(c) sanctions. (Doc. 185.) Defendants argue the Secretary failed to disclose required information relating to the Secretary's informer witnesses and ask the Court to exclude 29 of the 40 witnesses. In addition, Defendants argue that damages calculations beyond July 2015 should be excluded due to untimely disclosure.

The Court granted Defendants' request for expedited briefing, in consideration of depositions scheduled to begin on October 15. (Doc. 188.) The Secretary filed a response to Defendants' motion on October 11, (Doc. 189), and Defendants filed their reply on October 12. (Doc. 191.)

**I.      Rule 37(c) Sanctions**

As an initial matter, Defendants' motion for Rule 37(c) sanctions does not violate meet-and-confer requirements regarding discovery disputes. Unlike Rule 37(a), Rule 37(c) does not require a certification that the "the movant has in good faith conferred or attempted to confer." Fed. R. Civ. P. 37(a)(1). "Any local rule requiring a conference

prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable." *Hoffman v. Constr. Protective Servs., Inc.*, 541 F.3d 1175, 1179 (9th Cir. 2008), *as amended* (Sept. 16, 2008); *see also Dayton Valley Inv'rs., LLC v. Union Pacific R.R. Co.*, No. 08-cv-00127, 2010 WL 3829219, at *2 (D. Nev. Sept. 24, 2010) ("Ultimately, this is a non-issue as personal consultation is not required prior to a motion for sanctions pursuant to Rule 37(c)."). Accordingly, the Court will not deny Defendants' motion on this basis.[1]

## II. The 29 Witnesses

Defendants argue the Secretary violated Rule 26(a) and the Court's Orders by failing to disclose required information for all 40 witnesses. However, because the Secretary provided limited disclosures relating to 11 witnesses,[2] Defendants request the exclusion of only 29 of the 40 witnesses.

According to Defendants, the Secretary failed to disclose the 29 witnesses' contact information and descriptions of the subject matter of each witness's anticipated testimony in violation of Rule 26(a). In addition, the Secretary failed to produce unredacted documents—including interview-related documents and statements from employees—relating to the 29 informer witnesses, as required by this Court's Orders. In support of their argument, Defendants point out the 29 witnesses "do not make a single appearance in the DOL's production of interview-related documents—no employee statements, no interview summaries, no interview notes, no notes of calls made to employees, no notes of calls from employees, and no notes of meetings with employees." (Doc. 185 at 5:5–8.) Pursuant to Rule 37(c), Defendants request the Court sanction the Secretary by excluding the 29 witnesses. Fed. R. Civ. P. 37(c) ("If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless

---

[1] In any event, Defendants' motion is one for Rule 37(c) sanctions rather than a discovery motion.
[2] Defendants note the Secretary produced interview summaries for 11 witnesses. Defendants plan to proceed with depositions of some these witnesses when discovery reopens. (Doc. 185 at 5, n.6.)

- 3 -

1 the failure was substantially justified or is harmless."). Although Defendants did not cite to Rule 37(b), which allows for sanctions for a failure to comply with a court order, the Court notes it is applicable here. Fed. R. Civ. P. 37(b).

The Secretary responds that 86 pages of documents that three informer witnesses had provided to the Secretary were produced, as well as an interview statement for one of the three witnesses. (Doc. 189.) For the remaining 26 witnesses, the Secretary states that no responsive documents exist because "[t]hese 26 witnesses did not provide any documents to the Secretary, nor did the Secretary previously redact documents about them solely on the basis of the Government Informants Privilege." (Doc. 189 at 1:26–28.) The Secretary explains meetings with many of these witnesses occurred "only recently and *after fact discovery closed*, obviously preventing [him] from previously redacting documents about them." (Doc. 189 at 1:28–2:1-2 (emphasis in original).)

In reply, Defendants counter that the Secretary's lack of a single document about 26 witnesses "strains credulity" and ask the Court to conduct an *in camera* review of the Secretary's documents. (Doc. 191 at 7:4–5.)

The Court's Orders regarding informer witness disclosures are clear: The Secretary "shall disclose the identities of its informer witnesses who will testify at trial, and any unredacted documents relating to them, no later than October 1, 2018." (Doc. 172 at 20:10–12); *see also* Doc. 102 at 5:12–17 ("[T]he Secretary shall produce the un-redacted documents relating to the Secretary's informer witnesses who will testify at trial, including any documents these informer witnesses provided to the Secretary as well as those documents previously redacted on the basis of the Government Informants Privilege (to the extent not protected by other privileges or the work product doctrine[.]")

Nowhere in the Orders does the Court suggest the Secretary's production shall be limited exclusively to (1) documents provided to the Secretary by informer witnesses; or (2) documents previously withheld or redacted based on the government's informants privilege. In parts of the response, the Secretary apparently concludes that there are no responsive documents relating to 26 witnesses because no documents fall under these two

mandatory categories. (Doc. 189 at 1:26–28, 7:24–28.) If this is indeed the Secretary's interpretation, it plainly violates the Court's Orders: All documents relating to informer trial witnesses that are not protected by "other privileges or the work product doctrine" should have been produced, regardless of how and when the Secretary obtained or generated them.

To the extent the Secretary has failed to produce trial witness–related documents solely because they did not fall under the two categories, the Secretary is now ordered to produce any such information no later than October 16, 2018. Those witnesses may well be excluded under Rule 37(c), unless the Secretary's failure to disclose was substantially justified or harmless. With regard to documents withheld due to other privileges or the work product doctrine, the Secretary shall produce, no later than October 16, 2018, a privilege log indicating all responsive documents withheld on the basis of any privilege. Defendants' request for *in camera* review, raised for the first time in reply, is denied as disproportionate and unnecessary at this time. *See, e.g.*, *Diamond State Ins. Co. v. Rebel Oil Co., Inc.*, 157 F.R.D. 691, 700 (D. Nev. 1994) ("Resort to *in camera* review is appropriate only after the burdened party has submitted detailed affidavits and other evidence to the extent possible.").

### III. Damages Calculations

Defendants ask the Court to exclude the Secretary's damages calculations beyond July 2015 due to untimely disclosure. According to Defendants, the Secretary's back wages calculations have increased from $691,608.29 during discovery to $1,124,435.12 in October 2018. Notably, the Secretary's damages calculations that were disclosed during discovery did not include any damages calculations beyond July 2015. Rather, in the Pretrial Disclosures of the Secretary, dated October 23, 2017, the Secretary stated "[b]ackwage calculation worksheets" would be offered at the time of trial. (Doc. 185, Ex. 7 at 7:13.)

In the response, the Secretary argues that because Defendants' FLSA violations are allegedly ongoing, the Secretary's back wage calculations would naturally increase

with time. Furthermore, because the Secretary added 99 individuals to the case in April 2018, the updated damages calculations include back wages for those individuals. The Secretary also points out that final calculations will depend on the supplemental disclosures of payroll information that Defendants have yet to disclose.

The Court agrees with the Secretary that Defendants were not prejudiced by the timing of damages disclosure. Fed. R. Civ. P. 37(c) (providing for the exclusion of information for a failure to disclose "unless the failure was substantially justified or is harmless"). Throughout this litigation, Defendants have always known that the Secretary alleges ongoing violations of the FLSA and that damages calculations would increase with time. Defendants also knew the Secretary added 99 individuals to this case in April 2018 and that those individuals claim additional back wage damages. Furthermore, the Secretary states the supplemental back wage calculations provided use the same methodology as previous calculations, of which Defendants are well aware. Defendants both knew and should have expected the Secretary's damages calculations would increase. Therefore, Defendants' motion to exclude damages calculations is denied.

**IV.   The Other 11 Witnesses**

Defendants do not request the exclusion of the other 11 trial witnesses but insist the Secretary has not fully complied with his disclosure obligations. (Doc. 185 at 5.) While the Secretary provided interview summaries for these 11 witnesses, other required information was not disclosed, including contact information for the witnesses. The parties dispute whether Defendants were already in possession of such information and whether they were harmed by this failure to disclose. To the extent the Secretary has up-to-date contact information for trial witnesses that Defendant does not have, the Secretary shall disclose that information no later than October 16, 2018.

**V.   Documents Unrelated to Trial Witnesses**

The parties dispute the production of a number of documents unrelated to the trial witnesses. In their reply, Defendants curiously argue that the Court intended to include documents unrelated to trial witnesses when it ordered disclosure of the "the un-redacted

documents relating to the Secretary's *informer witnesses who will testify at trial*, including any documents these informer witnesses provided to the Secretary as well as those documents previously redacted on the basis of the Government Informants Privilege." (Doc. 102 (emphasis added).) This reading defies all logic. The literal import of this Order does not contemplate production of documents unrelated to trial witnesses. Accordingly, the Court will not impose sanctions for these failures to produce.

**VI. Attorneys' Fees**

The Court will not impose additional monetary sanctions and each party shall bear its own costs.

Accordingly,

**IT IS ORDERED** Defendants' Motion for Rule 37(c) Sanctions, (Doc. 185), is **GRANTED IN PART** and **DENIED IN PART**.

Dated this 15th day of October, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge