**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta,<br><br>Plaintiff,<br><br>v.<br><br>Austin Electric Services LLC and Toby Thomas,<br><br>Defendants. | No. CV-16-02737-PHX-ROS<br><br>**ORDER** |

Plaintiff Secretary of Labor ("the Secretary") alleges Defendants Austin Electric Services LLC and Toby Thomas, Austin Electric's president (collectively, "Defendants"), failed to pay employees overtime compensation and to keep employee records, in violation of the Fair Labor Standards Act ("FLSA"). Discovery initially closed in October 2017, but limited discovery reopened for 15 days on October 15, 2018. Defendants now seek to re-depose two Department of Labor ("DOL") investigators, whom Defendants initially deposed in September 2017. (Doc. 217.) For the foregoing reasons, Defendants' request will be granted.

## BACKGROUND

The Secretary alleges Defendants violated the FLSA by failing to pay employees overtime compensation and failing to keep employee records. The case proceeded to discovery, which, except as discussed below, ended in October 2017. In September 2017, Defendants deposed DOL investigators Mitch Wood and Nicholas Fiorello.

Approximately six months after the close of discovery, in April 2018, the Court allowed the Secretary to add 99 current or former employees to the Complaint. (Doc. 106.)

Pursuant to this Court's Order, discovery reopened for 15 days, beginning on October 15, 2018, to allow Defendants to depose the Secretary's informer trial witnesses. (Doc. 102.) On the same day that discovery reopened, the Court allowed the Secretary to update damages calculations—which had previously encompassed damages only until July 2015—to include backwages for the 99 additional individuals and for allegedly ongoing violations. (Doc. 205.) Defendants now seek to re-depose Wood and Fiorello on the basis of newly disclosed information. (Doc. 217.) After meeting and conferring unsuccessfully about this discovery dispute, the parties filed a Joint Statement to the Court on October 30, 2018. (Doc. 217.)

**ANALYSIS**

A party must obtain leave of court in order to re-depose a witness already deposed in the case. Fed. R. Civ. P. 30(a)(2)(A)(ii). The Court has wide discretion to reopen depositions. *Couch v. Wan*, No. CV F08-1621 LJO DLB, 2012 WL 4433470, at *3 (E.D. Cal. Sept. 24, 2012) ("The propriety of a deponent's reopened deposition lies in the court's discretion."). "Good need" is generally required to reopen a deposition. *Bookhamer v. Sunbeam Prods. Inc.*, No. C 09–6023 EMC (DMR), 2012 WL 5188302, at *2 (N.D. Cal. Oct. 19, 2012). Courts will not find good need if: (i) the additional deposition is unreasonably cumulative or the information can be obtained from some other source that is less burdensome; (ii) the party had ample time to obtain the information through discovery; or (iii) the burden outweighs the likely benefit. *Id.* (citing Fed. R. Civ. P. 26(b)(2)(C).

Defendants now seek to re-depose Wood and Fiorello due to newly disclosed evidence. As DOL investigators, Wood and Fiorello prepared damages calculations and interviewed DOL's trial witnesses. Defendants argue that when Wood and Fiorello were deposed in September 2017, Defendants did not know about (1) the Secretary's updated damages calculations and (2) information about the investigators' interactions with

| | |
|---|---|
| 1 | certain witnesses, which Defendants recently learned from depositions conducted during |
| 2 | the reopening of discovery. (Doc. 217.) The Secretary argues that re-deposing the |
| 3 | investigators would be cumulative because (1) the new damages calculations use the |
| 4 | same methodology as the old ones and (2) Defendants have already spoken to the |
| 5 | witnesses interviewed by the investigators. (Doc. 217.) |
| 6 |      Here, Defendants have demonstrated the "good need" required to reopen |
| 7 | depositions. A long period of time—more than one year—has passed since Wood and |
| 8 | Fiorello were deposed. In that time, several new developments have occurred in the case: |
| 9 | The Secretary has added 99 new employees to the Complaint, the Secretary's damages |
| 10 | calculations have significantly increased to include back wages for additional employees |
| 11 | as well as additional years of alleged violations, and Defendants have deposed the |
| 12 | Secretary's trial witnesses and learned new information about their interactions with the |
| 13 | Wood and Fiorello. These new occurrences took place after the close of discovery in |
| 14 | October 2017, so Defendants have never had the opportunity to depose the investigators |
| 15 | about these topics. |
| 16 |      Since the "long passage of time with new evidence" is indicative of "good need," |
| 17 | Defendants have sufficiently demonstrated their need. *Graebner v. James River Corp.*, |
| 18 | 130 F.R.D. 440, 441 (N.D. Cal. 1989). Even if the Secretary's methodology for |
| 19 | calculating damages has remained the same, Defendants may wish to depose the |
| 20 | investigators about additional employees and/or time periods that the Secretary now |
| 21 | includes in the damages calculation. In addition, Defendants correctly argue that re- |
| 22 | deposing the investigators would not be duplicative in light of new information that |
| 23 | Defendants have learned since the reopening of discovery. Any burden to the Secretary, |
| 24 | involving the preparation and defense of two additional depositions, is outweighed by |
| 25 | Defendants' need. |
| 26 | …… |
| 27 | …… |
| 28 | …… |

Accordingly,

**IT IS ORDERED** Defendants' request to re-depose Mitch Wood and Nicholas Fiorello is **GRANTED**.

Dated this 31st day of October, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge