**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta, | No. CV-16-02737-PHX-ROS |
| Plaintiff, | **ORDER** |
| v. | |
| Austin Electric Services LLC and Toby Thomas, | |
| Defendants. | |

Plaintiff Secretary of Labor ("the Secretary") alleges Defendants Austin Electric Services LLC and Toby Thomas, Austin Electric's President (collectively, "Defendants"), violated the Fair Labor Standards Act ("FLSA") by failing to pay employees overtime compensation and to keep employee records. Before the Court are: (1) The Secretary's Motion for Leave to File a Second Amended Complaint, (Doc. 179); and (2) Defendants' Motion to Amend the Scheduling Order to Extend Defendants' Expert Disclosure Deadline. (Doc. 155.) For the foregoing reasons, the Secretary's motion is granted in part and denied in part, and Defendants' motion is granted.

## BACKGROUND

The Secretary alleges Defendants violated the FLSA by failing to pay employees overtime compensation and failing to keep employee records. The case proceeded to discovery, the majority of which ended in October 2017. (Doc. 172 at 1.) Of relevance here, Defendants' expert disclosure deadline was August 18, 2017. Defendants have not made any expert disclosures to date. After discovery concluded, the Secretary

interviewed additional employees in January 2018. Subsequently, in February 2018, the Secretary moved to add 99 employees to the complaint. (Doc. 95.) On April 13, 2018, the Court granted the Secretary's motion to amend the complaint to include 99 additional employee claimants. (Doc. 106.)

On May 17, 2018, the Secretary moved for a temporary restraining order and preliminary injunction to prevent Defendants from interviewing their employees and obtaining those employees' declarations with regard to this litigation. (Doc. 119.) The Secretary alleged that Defendants had hired the Cavanagh Law Firm to conduct a pretextual "HR audit." (Doc. 119 at 9–10.) Rather than conducting a neutral audit, Defendants and their counsel—Julie Pace and Jennifer Sellers of the Cavanagh Law Firm—allegedly interviewed Defendants' employees in a coercive manner, including by indicating the interviews were mandatory; asking the employees what, if any, information they had provided to the Secretary concerning this litigation; and requesting employees to sign retroactive declarations, under penalty of perjury, stating that they "record all the hours [they] work on a timesheet," "do not work extra hours unless they are included on [the] timesheet," "have been paid for all hours that [they] work at the Company." (Doc. 172 at 12.) The Secretary argued a temporary restraining order and preliminary injunction should be granted because, among other reasons, he is likely to succeed on the merits of his claim that Defendants retaliated against their employees in violation of Section 15(a)(3) of the FLSA. *See* 29 U.S.C. § 215(a)(3) ("[I]t shall by unlawful for any person . . . to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceedings.").

On August 20, 2018, the Court granted in part and denied in part the Secretary's motion, ordering that Defendants may not interview employees under coercive circumstances and may not ask employees to sign retroactive declarations. (Doc. 172.) The Court concluded the Secretary "is likely to succeed on the merits of a claim that

Defendants' actions in obtaining its employees' retroactive declarations, under coercive circumstances and during a pending Department of Labor investigation into Defendants' payment practices, violated the FLSA's anti-retaliation provision." (Doc. 172 at 15.) In the same order, the Court instructed: "[N]o later than August 31, 2018, [the Secretary] shall file a motion requesting leave to amend its complaint," in order to add a retaliation claim for Defendants' alleged misconduct during the HR audit. (Doc. 172.) On August 31, 2018, in accordance with the Court's instruction, the Secretary moved for leave to file a Second Amended Complaint. (Doc. 179.)

Discovery reopened for 15 days, beginning October 15, 2018, and ending November 2, 2018, in order to allow Defendants to interview the Secretary's informer trial witnesses. (Doc. 102.) This additional limited discovery has also ended. Trial is set to begin on January 15, 2019. (Doc. 172.)

Two motions are now before the Court: (1) The Secretary's Motion for Leave to File a Second Amended Complaint, (Doc. 179), and (2) Defendants' Motion to Amend the Scheduling Order to Extend Defendants' Expert Disclosure Deadline, (Doc. 155).

**LEGAL STANDARD**

Under Rule 15(d), the Court may allow "a party to serve a supplemental pleading setting out any transaction, occurrence, or event that happened after the date of the pleading to be supplemented." Fed. R. Civ. P. 15(d); *see also Eid v. Alaska Airlines, Inc.*, 621 F.3d 858, 874 (9th Cir. 2010) ("Rule 15(d) provides a mechanism for parties to file additional causes of action based on facts that didn't exist when the original complaint was filed."). District courts have broad discretion in allowing supplemental pleadings. *Keith v. Volpe*, 858 F.2d 467 (9th Cir. 1988). The Ninth Circuit has instructed: "The Rule is a tool of judicial economy and convenience. Its use is therefore favored." *Id.* In assessing whether to grant a motion to supplement under Rule 15(d), courts generally consider four factors: Whether the amendment (1) would cause the opposing party undue prejudice, (2) is sought in bad faith, (3) would be futile, or (4) creates undue delay. *See MJC America, Ltd. V. Gree Electric Appliances, Inc. of Zhuhai*, No. CV 13-04264 SJO

(C.D. Cal. Sept. 3, 2014); *Yates v. Auto City 76*, 299 F.R.D. 611, 613–14 (N.D. Cal. Nov. 7, 2013).

Rule 16(b)(4) provides: "A schedule may be modified only for good cause and with the judge's consent." Fed. R. Civ. P. 16(b)(4). The "good cause" standard "primarily considers the diligence of the party seeking the amendment." *Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). "The district court may modify the pretrial schedule 'if it cannot reasonably be met despite the diligence of the party seeking the extension.'" *Id.* (citation omitted). To determine whether a party acted diligently, courts consider: (1) The party's diligence in assisting the court in creating a workable Rule 16 order; (2) whether the party's noncompliance with a Rule 16 deadline occurred because of the development of matters which could not have been reasonably foreseen or anticipated at the time of the Rule 16 scheduling conference; and (3) whether the party was diligent in seeking amendment of the Rule 16 order once it became apparent the party could not comply. *See Morgal v. Maricopa Cty. Bd. of Supervisors*, 284 F.R.D. 452 (D. Ariz. 2012) (citation omitted).

## ANALYSIS

### I. The Secretary's Motion to Amend the Complaint

#### a. The 99 Additional Employees

On April 13, 2018, the Court allowed the Secretary to amend Exhibit A of the First Amended Complaint by adding 99 additional employees to the lawsuit. (Doc. 106.) Although the Court did not set a deadline to file an amended complaint, Local Civil Rule 15.1(a) provides: "If a motion for leave to amend is granted, the party whose pleading was amended must file and serve the amended pleading on all parties under Rule 5 of the Federal Rules of Civil Procedure within fourteen (14) days of the filing of the order granting leave to amend, unless the Court orders otherwise." LRCiv 15.1(a).

The Secretary did not file and serve an amended complaint including the 99 additional employees within fourteen days. Rather, the Secretary's proposed Second Amended Complaint, filed more than four months later and before the Court now,

includes the 99 additional employees in Exhibit A.

Defendants argue the Secretary's request to add the 99 additional employees should be denied due to untimeliness and violation of Local Civil Rule 15.1(a). Defendants further argue that allowing the Secretary to add 99 additional employees now would be highly prejudicial because Defendants have "proceeded with the litigation" for months in reliance on the Secretary's "decision" to not add the 99 additional employees. (Doc. 180 at 4.) The Secretary replies he did not construe Exhibit A as a "pleading" under Federal Rule of Civil Procedure 7(a) and, in any event, Defendants were not prejudiced by the Secretary's failure to technically comply with Local Civil Rule 15.1(a). (Doc. 183 at 9–10.)

"District courts 'have broad discretion in interpreting and applying their local rules.'" *Delange v. Dutra Const. Co., Inc.*, 183 F.3d 916, 919 n.2 (9th Cir. 1999) (citation omitted); *see also Lowry v. EMC Mort. Corp.*, No. CV 11–8177–PCT–JAT, 2012 WL 3257652 (D. Ariz. Aug. 8, 2012) (allowing a response that did not comply with local rule about page limits because "Defendants have not shown that Plaintiffs' failure to strictly follow the local rules has prejudiced Defendants"). Here, even if the Secretary did not strictly comply with Local Civil Rule 15.1, Defendants suffered no prejudice. *See Santos v. TWC Admin. LLC*, 2014 WL 12703021 (C.D. Cal. Sept. 15, 2014) ("The court has held, on several occasions, that striking an untimely motion filed in violation of Local Rule 7-3 is inappropriate where the non-movant suffered no prejudice.").

Defendants' argument—that they relied on the belief that the Secretary chose to not add the 99 additional employees despite the Court allowing the Secretary to do so—is entirely unavailing. Indeed, Defendants proceeded with the litigation under the apparent assumption that the Secretary had *already* added the 99 additional employees. Most obviously, Defendants' Motion to Amend the Scheduling Order to Extend Defendants' Expert Disclosure Deadline, (Doc. 155), also before the Court now, argues explicitly that Defendants should receive a deadline extension for expert disclosures because "[a]dding

99 additional employees to this case would expand the number of employees for whom the Secretary seeks relief by approximately 50 percent." (Doc. 155 at 2.) Furthermore, during the reopening of discovery, the Court allowed Defendants to re-depose two Department of Labor investigators because Defendants represented they needed to ask the investigators about the Secretary's damages calculations—which were updated in part to reflect the backwages of the 99 additional employees. (Doc. 220.) After basing entire motions and requests to the Court on the Secretary's addition of 99 employees to the case, Defendants cannot argue now that they have been prejudiced by the Secretary's failure to timely amend.

### b. The Secretary's Retaliation Claim

In addition, the Secretary seeks to add a retaliation claim under Section 15(a)(3) of the FLSA and to permanently enjoin Defendants from intimidating, threatening, or retaliating against current and former employees. *See* 29 U.S.C. § 217. The Secretary requests to add a retaliation claim against Defendants as well as their counsel that conducted the HR audit—the Cavanagh Law Firm, Julie Pace, and Jennifer Sellers—based on events that happened after the First Amended Complaint was filed in November 2016. *See Cabrera v. City of Huntington Park*, 159 F.3d 373, 382 (9th Cir. 1998) ("Rule 15(d) permits the filing of a supplemental pleading which introduces a cause of action not alleged in the original complaint and not in existence when the original complaint was filed."). The Secretary may add a retaliation claim against Defendants but not against their counsel.

First, the Secretary's proposed amendment will not unduly prejudice Defendants. Undue prejudice exists where the proposed amendment "would have greatly altered the nature of the litigation and would have required defendants to have undertaken, at a late hour, an entirely new course of defense." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990). "The party opposing amendment bears the burden of showing prejudice." *DCD Programs, Ltd. v. Leighton,* 833 F.2d 183, 187 (9th Cir.1987). Here, Defendants have not shown undue prejudice. The Secretary's proposed

amendment would neither greatly alter the nature of this litigation nor require Defendants to undertake an entirely new course of defense. As the Secretary points out, the proposed retaliation claim arises under the same statute asserted in the operative complaint. The new claim concerns Defendants' conduct while interviewing their employees, and it should not prejudice Defendants to conduct limited discovery into their own conduct. Additionally, Defendants have already submitted multiple filings to the Court about the HR audit in question, which shows they are substantially aware of the factual circumstances.

Second, the Secretary's proposed amendment is not futile. This Court has already concluded the Secretary is "likely to succeed on the merits of a claim that Defendants' actions in obtaining its employees' retroactive declarations, under coercive circumstances and during a pending Department of Labor investigation into Defendants' payment practices, violated the FLSA's anti-retaliation provision." (Doc. 172 at 15.) The Secretary is correct that Defendants' arguments for futility reflect attempts to re-litigate what the Court has already decided. Additionally, Defendants' argument that a *permanent* injunction is "duplicative" of a *preliminary* injunction—thereby making the amendment futile—is nonsensical.

Third, the Secretary's request is in good faith. The Secretary moved to amend after the Court expressly instructed him to do so in a previous order. (Doc. 172 at 20.) There is no bad faith in simply following the Court's instructions.

Fourth, amending the complaint would not cause undue delay. As the Court has already noted, the retaliation claim is "a lot simpler than the underlying lawsuit" and discovery will be completed in 60 days. (Doc. 171 at 53:8–10.) Because the retaliation claim involves Defendants' own conduct toward their own employees, 60 days is more than sufficient to complete discovery.

The Secretary has also satisfied the "good cause" standard under Rule 16(b)(4) to modify the scheduling order by acting diligently. *See Johnson v. Mammoth Recreations, Inc.*, 975 F.2d 604, 609 (9th Cir. 1992). The Secretary first learned of Defendants'

alleged misconduct in May 2018, promptly brought the issue to the Court's attention through multiple filings, and filed the present motion to amend by the Court-ordered deadline. Because the Secretary has demonstrated "good cause" under Rule 16(b)(4), the scheduling order shall be amended to allow additional discovery on the retaliation claim.

On the other hand, the Secretary shall not add a retaliation claim against the Cavanagh Law Firm, Pace, and Sellers. Trial is set for January 2019 and adding new parties at this time would be unduly prejudicial and create undue delay. As Defendants point out, the new parties would have to—in two months' time—hire their own counsel, engage in their own discovery, file motions to dismiss and/or motions for summary judgment, among other things. (Doc. 180 at 8.) The new parties were Defendants' counsel during the HR audit, and adding the retaliation claim against the new parties could potentially raise complex legal issues concerning their attorney-client relationship.

## II. Defendants' Motion to Amend the Scheduling Order

Also before the Court is Defendants' Motion to Amend the Scheduling Order to Extend Defendants' Expert Disclosure Deadline. (Doc. 155.) The deadline for Defendants to disclose an expert witness was August 18, 2017.[1] Defendants did not disclose an expert witness by that deadline. After unsuccessful attempts at reaching a stipulation with the Secretary, Defendants now seek to modify the scheduling order under Rule 16(b)(4) so that they may disclose an expert witness before trial. (Doc. 155.) Because they have shown good cause, Defendants' motion is granted.

Defendants argue there is good cause to modify the scheduling order because they have acted diligently to seek amendment after the development of unforeseen events. *See Mammoth*, 975 F.2d at 609. In April 2008, six months after Defendants' expert disclosure deadline, the Court allowed the Secretary to add 99 new employees to the complaint. The Court has also recently allowed the Secretary to update damages calculations to include backwages for these additional 99 employees. (Doc. 207.)

---

[1] Defendants note that although the scheduling order for this litigation has been amended three times, the original deadline for Defendants to disclose an expert witness has remained the same. (Doc. 155 at 2.)

- 8 -

Defendants are correct that these events were unforeseen. They are also correct that adding 99 employees to this lawsuit expands the number of employees for whom the Secretary seeks relief by approximately 50 percent, and expands the damages calculations accordingly. In light of the increased amount of data and increased size of this case, Defendants may now wish to retain an expert.

Defendants were sufficiently diligent in seeking amendment of the scheduling order. The Court allowed the Secretary to add 99 additional employees on April 13, 2018. Defendants subsequently e-mailed the Secretary—on May 8, 2018—to discuss modifying the scheduling order to allow Defendants to potentially disclose an expert witness. (Doc. 155-1 at 6.) When the parties could not reach an agreement, Defendants filed the present motion on June 22, 2018. (Doc. 155-1 at 2.)

Accordingly,

**IT IS ORDERED** the Secretary's Motion for Leave to File a Second Amended Complaint, (Doc. 179), is **GRANTED IN PART** and **DENIED IN PART**.

**IT IS FURTHER ORDERED** Defendants' Motion to Amend the Scheduling Order to Extend Defendants' Expert Disclosure Deadline, (Doc. 155), is **GRANTED**.

**IT IS FURTHER ORDERED** Defendants' request for attorneys' fees and to strike the DOL's motion to amend is **DENIED**.

**IT IS FURTHER ORDERED** the parties shall meet and confer regarding revisions to the litigation schedule, and shall file a joint proposed Rule 16 Order no later than **November 13, 2018.**

Dated this 8th day of November, 2018.

Honorable Roslyn O. Silver
Senior United States District Judge