IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R. Alexander Acosta,<br>    Secretary of Labor,<br>        United States Department of Labor,<br><br>                            Plaintiff,<br><br>            v.<br><br>Austin Electric LLC; and Toby Thomas,<br><br>                            Defendants. | Case No. 16-CV-02737-PHX-ROS<br><br>**JOINT PROPOSED PRETRIAL ORDER**<br><br>Date:        January 8, 2019<br>Time:        10:30 a.m.<br>Judge:       Hon. Roslyn O. Silver |

Pursuant to the Court's Orders (Docs. 172, 261, 262), the following Joint Proposed Pretrial Order is to be considered at the Final Pretrial Conference set for January 8, 2019.

## A.    TRIAL COUNSEL FOR THE PARTIES

Plaintiff:

- Demian Camacho (Camacho.Demian@dol.gov) and Boris Orlov (Orlov.Boris@dol.gov), Office of the Solicitor, U.S. Department of Labor, 350 S. Figueroa St., Los Angeles, CA 90071

- Jessica Flores (Flores.Jessica.M@dol.gov) and David Edeli (Edeli.David.L@dol.gov), Office of the Solicitor, U.S. Department of Labor, 90 7th Street, Suite 3-700, San Francisco, CA 94103

1  Defendants:

2  Joshua Woodard and Jennifer R. Yee

3  SNELL & WILMER L.L.P.

4  One Arizona Center

5  400 E. Van Buren, Suite 1900

6  Phoenix, Arizona  85004-2202

7  Telephone:  602.382.6000

8  E-Mail: jwoodard@swlaw.com and jryee@swlaw.com

9  **B.  STATEMENT OF JURISDICTION/VENUE**

10  Subject matter jurisdiction in this case is based on federal question jurisdiction

11  (28 U.S.C. § 1331) and the United States being a plaintiff (28 U.S.C. § 1345).  Venue in

12  the District of Arizona is proper because the acts complained of occurred in Arizona.

13  **C.  NATURE OF ACTION**

14  This is an action under the Fair Labor Standards Act ("FLSA") in which the

15  United States Secretary of Labor seeks back wages, liquidated damages, and injunctive

16  relief for Defendants' alleged violations of the FLSA.  The Secretary contends that

17  Defendants willfully violated the FLSA by (1) failing to pay their employees an

18  overtime premium for hours worked over 40 per week; (2) failing to comply with the

19  FLSA's recordkeeping requirements, including through failing to keep accurate records

20  of hours employees worked; and (3) retaliating against their employees for exercising

21  their rights under the FLSA.  Defendants deny the Secretary's allegations.

22  **D.  JURY/NON-JURY**

23  This case is currently set for a jury trial on January 15, 2019 on the overtime and

24  recordkeeping claims only (Docs. 172, 261, 262).  Defendants filed a jury demand in

25  their Answer to the Secretary's Second Amended Complaint (Doc. 251). However, the

26  Secretary objects to such a trial and contends that Defendants have waived any right to a

27  jury.  The Secretary filed a motion to strike Defendants' jury demand (Doc. 263) and the

28  trial will be as the Court rules.

**E.     CONTENTIONS OF THE PARTIES**

The Secretary's Contentions:

As a general matter, Defendants are liable for all hours they suffer or permit employees to work. 29 U.S.C. § 203(g). "Work not requested but suffered or permitted is work time." 29 C.F.R. § 785.11. Defendants cannot simply create a rule against work to avoid this liability. *Id.* § 785.13; *see also Lillehagen v. Alorica, Inc.*, 2014 WL 6989230, at *19 (C.D. Cal. Dec. 10, 2014).

In order to prevail on his claim for violation of the FLSA's overtime provision, the Secretary must prove that (1) Defendants' employees worked in excess of 40 hours in a workweek and (2) Defendants failed to compensate those employees with a premium equal to 1.5 times the employee's regular rate.  29 U.S.C. § 207(a), (g); 29 C.F.R. § 778.111.

In order to prevail on his claim for violation of the FLSA's recordkeeping provision, the Secretary must prove that Defendants did not maintain records that complied with the FLSA, which includes—among other things—for each employee the "[h]ours worked each workday and total hours worked each workweek." 29 C.F.R. § 516.2(a)(7); 29 U.S.C. § 211(c).

With respect to damages, if an employer has not kept legally sufficient records and the Secretary has proven that employees performed improperly compensated work, there is a reduced burden of proof with respect to the calculation of damages. Specifically, where the employer fails to keep accurate and complete records of hours worked, the Secretary may invoke the burden shifting scheme set forth in *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680 (1946), requiring the employer to produce evidence of the precise amount of work performed or evidence to rebut the reasonableness of the inferred extent of violations. *Id.* at 687-688; *see also Brock v. Seto*, 790 F.2d 1446, 1447 (9th Cir. 1986).

In order to prove that Defendants' FLSA violations were willful, thereby extending the two-year limitations period to three years, the Secretary must prove that

Defendants "knew or showed reckless disregard for the matter of whether [their] conduct was prohibited by the" FLSA.  *Chao v. A-One Med. Servs., Inc.*, 346 F.3d 908, 918 (9th Cir. 2003) (citation omitted).  Prior FLSA violations can support a finding of willfulness. *Id.* at 919.

<u>Defendants' Contentions</u>

In order to defeat or reduce Plaintiff's overtime claim, Defendants must prove that Austin Electric employees are not owed wages by Austin Electric, and wages owed, if any, have been paid in full. 29 U.S.C. § 207.

In order to defeat Plaintiff's overtime claim, Defendants must prove that Austin Electric employees failed to take advantage of the reporting process which resulted in their employer not being aware of any additional hours worked or any failure to pay for such additional hours worked. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981).

In order to defeat or reduce Plaintiff's claim to backwage damages, Defendants must prove that some or all of Plaintiff's claims are barred by the applicable statute of limitations, which is two years for a non-willful violation, and three years for a willful violation. 29 U.S.C. § 255.

Although the ultimate burden rests with Plaintiff to prove a violation is "willful" Defendants can defeat any such proof by demonstrating they acted in good faith and, at no time, did they act with malice or reckless disregard for Austin Electric employees' rights. *McLaughlin v. Richard Shoe Co.,* 486 U.S. 128, 134-35 (1988). A violation is not willful unless the employer "knew or showed reckless disregard for the matter of whether its conduct was prohibited by the FLSA." *Id.* at 130 (rejecting the *Jiffy June* standard that a violation is willful if "the employer has an awareness of the possible application of the FLSA").

In order to defeat or reduce Plaintiff's claim to liquidated damages, Defendants must prove that the action at issue was performed "in good faith" and where the employer "had reasonable grounds for believing that [the] act . . . was not a violation of

the [FLSA]." 29 U.S.C. § 260.

On the recordkeeping claim, the DOL must prove that: (1) Defendants failed to keep adequate time and pay records for Austin Electric employees; and (2) those employees performed work for which they should have been paid. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946), superseded by statute on other grounds as stated in *IBP, Inc. v. Alvarez*, 546 U.S. 21, 34–35 (2005). The DOL may discharge this burden by "produc[ing] sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id.* at 687. Only once the DOL meets this burden will the burden shift to the employer to either come forward with: (1) evidence of the precise amount of work performed or (2) evidence to negate the reasonableness of the inference to be drawn from the employee's evidence. *Id.* at 687–88. The DOL's burden is not "reduced"—rather, the DOL must produce evidence that the employee has performed work for which he was improperly compensated and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. Without this showing, the burden does not shift to the employer, and the DOL's recordkeeping claim must fail. *Id.* at 687.

## F.    STIPULATIONS AND UNDISPUTED FACTS

1.  Defendant Austin Electric is and has been a limited liability company licensed to do business in the State of Arizona, with its principal place of business located at 1418 North Eliso C. Felix Jr. Way, Avondale, Arizona 85323, within the jurisdiction of this Court, where it is and has been engaged in the residential electrical business.

2.  The individuals appearing on Exhibit A of the Second Amended Complaint (Doc. 246) are present and/or former employees of Austin Electric.

3.  At all relevant periods, Defendant Austin Electric has employed employees engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person.

4.  Austin Electric's gross volume of sales made or business done was greater than

$500,000 at all times relevant.

5. Toby Thomas is the President of Austin Electric Services, LLC.

6. Joe Church is the Vice President of Operations for Austin Electric. Mr. Church has held that position from December 2013 to the present.

7. Rodolfo Becerra is the Field Operations Manager of Austin Electric.

8. Jennifer Diaz is Austin Electric's Payroll/Human Resources Manager. Ms. Diaz has worked in payroll for Austin Electric since July 2013.

## G.   PLAINTIFF'S CONTENTIONS OF DISPUTED FACT

1. Defendants' employees, including those listed on Exhibit A to the Secretary's Second Amended Complaint, regularly worked more than 40 hours in a workweek.  Defendants suffered and/or permitted this work.

2. Defendants failed to pay employees an overtime premium for hours worked over 40 in a workweek.

3. Defendants instructed and/or discouraged their employees from accurately reporting all their work hours.

4. Defendants failed to keep accurate records of all hours employees worked.

5. Defendants retaliated against their employees by requiring them, under coercive circumstances, to sign declarations under penalty of perjury which Defendants knew contained false or, at the very least, misleading testimony regarding their hours and pay.

6. Defendants acted willfully when they (1) failed to pay their employees the overtime wages for hours worked; (2) failed to keep accurate records of hours their employees worked; and (3) retaliated against their employees for exercising their rights under the FLSA.

7. Defendants have offered no evidence to meet their burden to show that they had good faith when they committed any of their violations of the FLSA.

8. Defendants owe employees, including those on Exhibit A, back wages.

9. Defendants owe employees identified on Exhibit A liquidated damages.

## H.    DEFENDANTS' CONTENTIONS OF DISPUTED FACT

1.    Austin Electric paid non-exempt employees, including the employees identified in Exhibit A to the DOL's Second Amended Complaint, an overtime premium for hours worked over 40 in a workweek.

2.    Austin Electric instructed its non-exempt employees, including the employees identified in Exhibit A to the DOL's Second Amended Complaint, to accurately report all their hours worked.

3.    Austin Electric employees, including the employees identified in Exhibit A to the DOL's Second Amended Complaint, are not owed wages by Defendants, and wages owed, if any, have been paid in full.

4.    If the DOL meets its burden of proof that Austin Electric employees worked additional, unreported hours, such employees failed to take advantage of the reporting process, which resulted in Austin Electric not being aware of any additional hours worked or any failure to pay for such additional hours worked.

5.    Austin Electric kept accurate time and pay records of all hours employees worked, as reported by the employees themselves.

6.    The DOL cannot provide sufficient evidence to warrant a just and reasonable inference that Austin Electric employees in fact performed work for which they were improperly compensated.

7.    If the DOL meets its burden of establishing a just and reasonable inference, Austin Electric nonetheless has sufficient evidence to negate the reasonableness of any inference to be drawn from the DOL's evidence.

8.    The DOL cannot prove that Defendants knew or showed reckless disregard for the matter of whether their conduct was prohibited by the FLSA, to establish "willful" violations of the FLSA.

9.    Defendants can demonstrate they acted in good faith and had reasonable grounds for believing that the acts were not a violation of the FLSA.

10.    Employees are not entitled to any liquidated damages.

11.     Employees, including those on Exhibit A, are not owed back wages.

**I.      ISSUES OF LAW IN CONTROVERSY**

1.     Whether Defendants violated FLSA Sections 7 and 15(a)(2), 29 U.S.C. §§ 207 and 215(a)(2), by failing to pay their employees at rates not less than one and one-half times the employees' regular rate of pay in workweeks when the employees worked more than forty hours.

2.     Whether Defendants violated FLSA Sections 11(c) and 15(a)(5), 29 U.S.C. §211(c) and §215(a)(5), by failing to maintain, keep, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by the regulations promulgated by the Secretary pursuant to the authority granted in the FLSA, published in the Federal Register, and known as Title 29, Code of Federal Regulations, Part 516.

3.     Whether the violations alleged above were willful, thereby extending the FLSA's two-year limitations period an extra year.  29 U.S.C. § 255

4.     Whether Defendants have proved that the conduct at issue was performed "in good faith" and where the employer "had reasonable grounds for believing that [the] act . . . was not a violation of the [FLSA.]" 29 U.S.C. § 260.

**Defendants' Additional Issues of Law in Controversy**

1.     Whether Defendants have proved that Austin Electric employees are not owed wages by Austin Electric, and wages owed, if any, have been paid in full. 29 U.S.C. § 207.

2.     Whether Defendants have proved that Austin Electric employees failed to take advantage of the reporting process which resulted in their employer not being aware of any additional hours worked or any failure to pay for such additional hours worked. *Forrester v. Roth's I.G.A. Foodliner, Inc.*, 646 F.2d 413, 414 (9th Cir. 1981).

3.     Whether Defendants can defeat any proof of "willful" violations by demonstrating they acted in good faith and, at no time, did they act with malice or reckless disregard for Austin Electric employees' rights. *McLaughlin v. Richard Shoe*

*Co.,* 486 U.S. 128, 134-35 (1988).

4.      If the DOL produces evidence that employees have performed work for which they were improperly compensated and sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference, whether Austin Electric can defeat DOL's evidence by coming forward with: (1) evidence of the precise amount of work performed or (2) evidence to negate the reasonableness of the inference to be drawn from the DOL's evidence. *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687-88 (1946).

## J.      SEPARATE TRIAL OF ISSUES

The Secretary's Statement:

The Secretary does not believe that a separate trial of issues is either advisable or feasible.

Defendants' Statement:

This is currently set for a jury trial on January 15, 2019 for the overtime and recordkeeping claims. (Doc. 172, 261, 262). Discovery and trial on the retaliation claim will be separate (Doc. 262).

## K.      WITNESSES

### 1.      Secretary's Witnesses

#### a.      Witnesses who shall be called at trial:

| 1. | **Almeraz, Christopher** <br> a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
|----|----|
| 2. | **Ballesteros, Jorge** <br> Superintendent for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |

| | |
|---|---|
| **3.** | **Ballesteros, Jose**<br>Assistant Operations Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **4.** | **Becerra, Rodolfo**<br>Operations Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **5.** | **Church, Joe**<br>VP of Operations for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **6.** | **Colmenares, Juana**<br>a former piece worker who will testify about her and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of hers and others' employment with Defendants |
| **7.** | **Coronado, Hector**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **8.** | **Coronado, Oscar**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **9.** | **Correa, Victor**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **10.** | **Diaz, Jennifer**<br>Payroll/HR Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and |

| | |
|---|---|
| | any other terms or conditions of employees' employment with Defendants |
| **11.** | **Duarte, Carlos E.**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **12.** | **Duran, Jesus Roberto**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **13.** | **Falcon, Oscar**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **14.** | **Fimbres, Efrain**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **15.** | **Fiorello, Nicholas**<br>Assistant District Director (former investigator) of the U.S. Department of Labor's Wage and Hour Division's Phoenix District Office; will testify about Defendants' FLSA violations and backwage calculations |
| **16.** | **Gamez Celaya, Jose**<br>Area Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **17.** | **Garcia, Jose Antonio**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |

| | |
|---|---|
| **18.** | **Gutierrez Miranda, Jafet**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **19.** | **Gutierrez Miranda, Javier**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **20.** | **Henderson, Brandon L.**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **21.** | **Hernandez, Eric**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **22.** | **Lopez Leon, Andres**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **23.** | **Marshall, KC**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **24.** | **McNulty, Paul**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **25.** | **Mendez, Martin**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |

| 26. | **Montano, Javier**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
|---|---|
| 27. | **Morales, Israel**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 28. | **Norton, Michael**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 29. | **Orozco, Jose**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 30. | **Ortega-Contreras, Felix**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 31. | **Perez, Guillermo**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 32. | **Perez, Julian**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 33. | **Rascon, Reuben**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 34. | **Rivera Garcia, Gonzalo**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties |

| | |
|---|---|
| | performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **35.** | **Rosales, Raul**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **36.** | **Stevens, Jose**<br>a current piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **37.** | **Taylor, Marc**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **38.** | **Thomas, Jennifer**<br>Office Manager for Defendants and Defendant Toby Thomas's wife; will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **39.** | **Thomas, Toby**<br>President and only active owner of Defendant Austin Electric Services LLC; will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, financial records, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
| **40.** | **Valencia, Enrique**<br>a current employee who has performed piece work for Defendants will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| **41.** | **Valladolid, Joel**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |

| 42. | **Wienzierl, Steve**<br>Scheduling Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |
|---|---|
| 43. | **Wofford, Luis**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 44. | **Wood, Mitchell**<br>Assistant District Director (former investigator) of the U.S. Department of Labor's Wage and Hour Division's Phoenix District Office; will testify about Defendants' FLSA violations and backwage calculations |
| 45. | **Youngling, Michael**<br>a former piece worker who will testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 46. | **Zarzyczny, Gary**<br>Southern Arizona Area Manager for Defendants who will testify about the operation and administration of Defendants' business, payroll, recordkeeping processes, wages paid, employment policies, and any other terms or conditions of employees' employment with Defendants |

**b.      Witnesses who may be called at trial:**

| 1 | **Galindo, Humberto**<br>a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
|---|---|
| 2 | **Gonzalez, Jose**<br>a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |

| 3 | **Gunderson, Nicholas** <br> a current employee who has performed piece work for Defendants may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
|---|---|
| 4 | **Marquez, Jose** <br> a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 5 | **Marquez, Luis** <br> a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 6 | **McKnight, Patrick** <br> a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 7 | **Montano, Guillermo** <br> a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| 8 | **Murray, Eric** <br> District Director of the U.S. Department of Labor's Wage and Hour Division's Phoenix District Office; may testify about Defendants' FLSA violations and previous investigation history |
| 9 | **Nguyen, Do** <br> a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |

| 10 | **Snyder, Gerald**<br>a current piece worker who may testify about his and others' employment with Defendants, including rates paid, duties performed, hours worked, locations worked, and any other terms or conditions of his and others' employment with Defendants |
| --- | --- |
| 11 | Any custodian of records or other witness necessary to lay foundation or authenticate any trial exhibit |
| 12 | Any and all trial witnesses identified by Defendants and to whom Plaintiff does not object |
| 13 | Any witness identified or disclosed in any parties' supplemental disclosure statements, motions, pleadings or discovery responses and to whom Plaintiff does not object |
| 14 | Any impeachment or rebuttal witness who at this time Plaintiff cannot anticipate calling in connection with rebuttal of Defendants' evidence |
| 15 | Any other person who has been deposed in this matter and to whom Plaintiff does not object |
| 16 | Any expert disclosed by any party |
| 17 | Any person subsequently identified through future investigation discovery and determined to be witnesses and to whom Plaintiff does not object |
| 18 | Current and former employees of Austin Electric identified on Exhibit A to Plaintiff's Second Amended Complaint that Plaintiff does not object to |

### c.    Witnesses who are unlikely to be called at trial:

None.

Defendants' objections to Secretary's witnesses:

1. Do Nguyen - untimely disclosed by Plaintiff

2. Nicholas Gunderson - untimely disclosed by Plaintiff

Secretary's Responses to Defendants' Objections to Witnesses:

**Do Nguyen**

Objection Response: Defendants raised their objection to Mr. Nguyen for the first time late in the evening on December 4, 2018, despite having been provided the Secretary's witness list on November 21, 2018. Further, Mr. Nguyen is a piece rate employee with knowledge of Defendants' timekeeping and pay practices.

**Nicholas Gunderson**

Objection Response: Defendants raised their objection to Mr. Gunderson for the first time late in the evening on December 4, 2018, despite having been provided the Secretary's witness list on November 21, 2018. Further, Mr. Nguyen is a piece rate employee with knowledge of Defendants' timekeeping and pay practices.

### 2.    Defendants' Witnesses

#### a.    Witnesses who shall be called at trial:

1.    Toby Thomas (Fact witness)
c/o Joshua Woodard and Jennifer R. Yee
Snell & Wilmer, L.L.P.
400 East Van Buren Street
Phoenix Arizona 85004
(602) 382-6000

Mr. Thomas is the President of Austin Electric and he is a named defendant in this lawsuit. Mr. Thomas is expected to testify regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's pay practices, including reporting and paying any applicable overtime to employees; and 4) testimony consistent with his deposition. In addition, Mr. Thomas is expected to provide opinion testimony pursuant to Rule of Evidence 701. Mr.

Thomas will testify to the alleged damages of the employees at issue; the DOL's assumptions related to such alleged damages; appropriate alternatives to calculating damages (if any) in this possible wage reconstruction matter that are based upon employees' varying range of skills and abilities; the average number of installs (or pieces) that both rough and trim piece rate electricians complete during work weeks; Austin Electric's per square foot rate which allows for a calculation of pay ranges, average pieces per week, and alleged damages; portions of Austin Electric's financials that provide confirmation of average installs of piece workers; and other matters related to the alleged damages in this case.

> 2.      Jen Diaz (Fact witness)
>         c/o Joshua Woodard and Jennifer R. Yee
>         Snell & Wilmer, L.L.P.
>         400 East Van Buren Street
>         Phoenix Arizona 85004
>         (602) 382-6000

Ms. Diaz is the Payroll/HR Manager for Austin Electric.  Ms. Diaz is expected to testify regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's pay practices, including reporting and paying any applicable overtime to employees; and 4) the Company's recordkeeping practices; and 5) testimony consistent with her deposition.

> 3.      Joe Church (Fact witness)
>         c/o Joshua Woodard and Jennifer R. Yee
>         Snell & Wilmer, L.L.P.
>         400 East Van Buren Street
>         Phoenix, Arizona 85004
>         (602) 382-6000

Mr. Church is the Vice President of Operations for Austin Electric.  Mr. Church is expected to testify regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's pay practices, including reporting and paying any applicable overtime to employees; 4) the Company's overtime policies, operations, payment practices, policies regarding the classification of employees as piece rate or hourly employees, and day-to-day management; and 5) testimony consistent with his deposition.

        4.        Rodolfo Becerra (Fact witness)
                    c/o Joshua Woodard and Jennifer R. Yee
                    Snell & Wilmer, L.L.P.
                    400 East Van Buren Street
                    Phoenix, Arizona 85004
                        (602) 382-6000.

Mr. Becerra is the Operations Manager for Austin Electric.  Mr. Becerra is expected to testify regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's pay practices, including reporting and paying any applicable overtime to employees; 4) the Company's operations and field management of employees; and 5) testimony consistent with his deposition.

        5.        Mitch Wood (Fact witness)
                    c/o Demian Camacho
                    Office of the Solicitor
                    350 S. Figueroa Street, Suite 370
                    Los Angeles, California 90071

Mr. Wood is an investigator for the U.S. Department of Labor in the Phoenix Office. Mr. Wood is expected to testify regarding certain factual bases for Defendants' defenses, including 1) the DOL's investigation of Austin Electric and its findings; 2) the DOL's assumptions and calculations regarding alleged backpay or compensable hours worked of certain Austin Electric employees; and 3) testimony consistent with his deposition.

6.      Nicholas Fiorello (Fact witness)
        c/o Demian Camacho
        Office of the Solicitor
        350 S. Figueroa Street, Suite 370
        Los Angeles, California 90071

Mr. Fiorello is the Assistant District Director, and formerly an investigator, for the U.S. Department of Labor in the Phoenix Office. Mr. Wood is expected to testify regarding certain factual bases for Defendants' defenses, including 1) the DOL's investigation of Austin Electric and its findings; 2) the DOL's assumptions and calculations regarding alleged backpay or compensable hours worked of certain Austin Electric employees; and 3) testimony consistent with his deposition.

7.      Jose Ballesteros (Fact witness)
        c/o Joshua Woodard and Jennifer R. Yee
        Snell & Wilmer, L.L.P.
        400 East Van Buren Street
        Phoenix, Arizona 85004
        (602) 382-6000

Mr. Ballesteros is the Assistant Operations Manager, and a former Scheduling Manager, for Austin Electric. Mr. Ballesteros has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including some of the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about

completing timesheets and reporting hours worked; 3) the Company's operations and scheduling employees in his area; and 4) testimony consistent with his deposition.

    8.    Steve Weinzierl (Fact witness)
          c/o Joshua Woodard and Jennifer R. Yee
          Snell & Wilmer, L.L.P.
          400 East Van Buren Street
          Phoenix, Arizona 85004
          (602) 382-6000

Mr. Weinzierl is a Scheduling Manager for Austin Electric.  Mr. Weinzierl has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including some of the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the company's operations and scheduling employees in his area; and 4) testimony consistent with his deposition.

    9.    Gerald Snyder (Fact witness)
          7119 North 67th Avenue
          Glendale, Arizona 85301
          623) 826-1190

Mr. Snyder is a piece rate employee working for Austin Electric.  Mr. Snyder has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for all hours worked; 2) that he does not typically work overtime; 3) Austin Electric has instructed him to report all hours worked; 4) Austin Electric has not instructed him to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his declaration.

    10.    Nicholas Gunderson (Fact witness)
           3621 West Camino Real

Glendale, Arizona 85310
(623) 216-8697

Mr. Gunderson is an employee working for Austin Electric who has performed piece work.   Mr. Gunderson has discoverable information regarding the factual basis for Defendants' defenses including, but not limited to: 1) Austin Electric has provided a mechanism and instructed him to report all hours worked; 2) Austin Electric has instructed him not to work off the clock; 3) he is aware that Austin Electric has a policy that allows to work up to 42 hours per week without approval (when he was a piece worker); and 4) overtime hours worked and paid by Austin Electric.

11.   Do Nguyen (Fact witness)
9601 North 83rd Drive
Peoria, Arizona 85345
(602) 334-5459

Mr. Nguyen is a piece rate employee working for Austin Electric.   Mr. Nguyen has discoverable information regarding the factual basis for Defendants' defenses including, but not limited to: 1) Austin Electric has provided a mechanism and instructed him to report all hours worked; 2) Austin Electric has instructed him not to work off the clock; 3) he is aware that Austin Electric has a policy that allows to work up to 42 hours per week without approval; and 4) overtime hours worked and paid by Austin Electric.

**b.   Witnesses who may be called at trial:**

1.   Gary Zarzyczny (Fact witness)
c/o Joshua Woodard and Jennifer R. Yee
Snell & Wilmer, L.L.P.
400 East Van Buren Street
Phoenix, Arizona 85004
(602) 382-6000

Mr. Zarzyczny is the Southern Arizona Area Manager for Austin Electric.   Mr. Zarzyczny has discoverable information regarding the factual bases for Defendants' defenses,

including 1) Austin Electric's piece rate pay system for electricians, including some of the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's pay practices, including reporting and paying any applicable overtime to employees; 4) the Company's operations and field management of employees in Southern Arizona; and 5) testimony consistent with his deposition.

> 2.    Jose Gamez Celaya (Fact witness)
> c/o Joshua Woodard and Jennifer R. Yee
> Snell & Wilmer, L.L.P.
> 400 East Van Buren Street
> Phoenix, Arizona 85004
> (602) 382-6000

Mr. Gamez Celaya is an Area Manager for Austin Electric.  Mr. Gamez Celaya has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including some of the current and former employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's operations and employees in his area; and 4) testimony consistent with his deposition.

> 3.    Jorge Ballesteros (Fact witness)
> c/o Joshua Woodard and Jennifer R. Yee
> Snell & Wilmer, L.L.P.
> 400 East Van Buren Street
> Phoenix, Arizona 85004
> (602) 382-6000

Mr. Ballesteros is a Superintendent for Austin Electric.  Mr. Ballesteros has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric's piece rate pay system for electricians, including some of the current and former

employees listed in Exhibit A to the Second Amended Complaint; 2) the Company's instructions to employees about completing timesheets and reporting hours worked; 3) the Company's operations and scheduling employees in his area; and 4) testimony consistent with his deposition.

      4.      Patrick McKnight (Fact witness)
              17410 North Chance Drive
              Surprise, Arizona 85374
              (623) 695-0671

Mr. McKnight is a piece rate employee working for Austin Electric. Mr. McKnight has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has never denied him overtime pay; 2) Austin Electric has never instructed him to not report all hours worked; 3) Austin Electric has a policy that allows him to work up to 42 hours per week without approval; 4) Austin Electric has a time-keeping system in place that allows him to report all time worked including drive time after his day begins, all time when working on performing "rough" work on homes, all time when working on punch-list items, and all other times when performing work duties for Austin Electric; and 5) testimony consistent with his declaration.

      5.      Jose Gonzales (Fact witness)
              6322 West Ocotillo Road
              Glendale, Arizona 85301
              (505) 382-0650

Mr. Gonzales is a piece rate employee working for Austin Electric. Mr. Gonzales has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for all hours worked; 2) Austin Electric has never denied him overtime pay; 3) Austin Electric has instructed him to report all hours worked and has instructed him to be truthful on his timesheets; 4) Austin Electric has not instructed him to work off the clock; 5) Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his declaration.

6.      Luis Marquez (Fact witness)
        1510 East Garfield Street
        Phoenix, Arizona 85006
        (602) 748-3802

Mr. Marquez is a piece rate employee working for Austin Electric. Mr. Marquez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for all hours worked; 2) that he does not typically work overtime because of family obligations; 3) Austin Electric has instructed him to report all hours worked; 4) Austin Electric has not instructed him to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his declaration.

7.      Humberto Galindo (Fact witness)
        8417 Glenrosa Avenue
        Phoenix, Arizona
        (702) 542-3914

Mr. Galindo is a piece rate employee working for Austin Electric. Mr. Galindo has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has instructed him to report all hours worked; 2) Austin Electric has not instructed him to work off the clock; 3) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 4) testimony consistent with his declaration.

8.      Eric Murray (Fact witness)
        c/o Demian Camacho
        Office of the Solicitor
        350 South Figueroa Street, Suite 370
        Los Angeles, California 90071

Mr. Murray is the District Director of the DOL Wage and Hour Division in Phoenix. Mr. Murray has discoverable information regarding certain factual bases for Defendants'

defenses, including 1) the DOL's investigation of Austin Electric and its findings; 2) the DOL's assumptions and calculations regarding alleged backpay or compensable hours worked of certain Austin Electric employees; 3) DOL's policies and practices regarding investigations; 4) DOL's training of investigators; 5) Public statements that have been made by DOL about the Austin Electric case including the Judge's rulings; 6) DOL's pursuit of a criminal investigation against an expert, Terry Petrilli; 7) Information and communications regarding witness interviews, notes, and documents.

> 9.    Jose Julian Perez (Fact witness)
> 6425 West Hatcher Road
> Glendale, Arizona 85353
> (623) 418-5358

Mr. Perez is a piece rate employee working for Austin Electric.  Mr. Perez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked including hours of work that were reported by and paid to Mr. Perez but performed by other employees at Mr. Perez' request, and for all other amounts owed to him; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

> 10.   Carlos Duarte (Fact witness)
> 12721 West Greenway Road, Lot 32
> El Mirage, Arizona 85335
> (602) 488-9831

Mr. Duarte is a former piece rate employee who worked for Austin Electric.  Mr. Duarte has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3)

communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

11.   Jose Antonio Garcia (Fact witness)
6201 West Clarendon
Phoenix, Arizona 85033
(602) 561-3195

Mr. Garcia is a former piece rate employee who worked for Austin Electric.  Mr. Garcia has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

12.   Javier Miranda Gutierrez (Fact witness)
1704 South 39th Street, Unit 4
Mesa, Arizona 85206
(480) 278-6277

Mr. Miranda Gutierrez is a piece rate employee working for Austin Electric.  Mr. Miranda Gutierrez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

13.   Jafet Miranda Gutierrez (Fact witness)
3313 South 121st Drive

Tolleson, Arizona 85353

(602) 918-8835

Mr. Miranda Gutierrez is a piece rate employee working for Austin Electric.  Mr. Miranda Gutierrez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

14.     Jose Orozco (Fact witness)

573 South Lopez Road

Maricopa, Arizona 85138

(520) 208-1273

Mr. Orozco is formerly a piece rate employee who worked for Austin Electric.  Mr. Orozco has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

15.     Guillermo Perez (Fact witness)

806 West Kachina Trail

Phoenix, Arizona 85041

(602) 752-4926

Mr. Perez is formerly a piece rate employee who worked for Austin Electric.  Mr. Perez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3)

communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

      16.    Raul Rosales (Fact witness)
             234 East Broadway Road
             Phoenix, Arizona 85040
             (602) 859-9485

Mr. Rosales is a formerly a piece rate employee who worked for Austin Electric. Mr. Perez has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked, including hours of work that were reported by and paid to Mr. Rosales but performed by other employees at Mr. Rosales' request; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allows him to work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

      17.    Enrique Valencia (Fact witness)
             3610 East 32nd Street
             Tucson, Arizona 85713
             (520) 272-5030

Mr. Valencia is a piece rate employee working for Austin Electric. Mr. Valencia has discoverable information regarding the factual bases for Defendants' defenses, including 1) Austin Electric has paid him for hours he reported he worked; 2) Austin Electric has provided a mechanism and instructed him to report all hours worked; 3) communications with the DOL; 4) Austin Electric has instructed him not to work off the clock; 5) he is aware that Austin Electric has a policy that allowed him (while he was a piece worker) to

work up to 42 hours per week without approval; and 6) testimony consistent with his deposition.

18.     Guillermo Montano (Fact witness)
        7407 South 46th Avenue
        Laveen, Arizona 85339
        (602) 350-1663

Mr. Montano is a piece rate employee working for Austin Electric.  Mr. Montano has discoverable information regarding the factual basis for Defendants' defenses including, but not limited to: 1) Austin Electric has provided a mechanism and instructed him to report all hours worked; 2) Austin Electric has instructed him not to work off the clock; 3) he is aware that Austin Electric has a policy that allows to work up to 42 hours per week without approval; and 4) overtime hours worked and paid by Austin Electric.

19.     Jose Marquez (Fact witness)
        2755 East Wier Avenue, #3
        Phoenix, Arizona 85040
        (602) 710-3716

Mr. Marquez is a piece rate employee working for Austin Electric.  Mr. Marquez has discoverable information regarding the factual basis for Defendants' defenses including, but not limited to: 1) Austin Electric has provided a mechanism and instructed him to report all hours worked; 2) Austin Electric has instructed him not to work off the clock; 3) he is aware that Austin Electric has a policy that allows to work up to 42 hours per week without approval; and 4) overtime hours worked and paid by Austin Electric.

20.     Any Custodian of Records or other witness necessary for Defendants to lay foundation or authenticate any trial exhibit.

21.     Any and all trial witnesses identified by Plaintiff and to whom Defendants do not object.

22.     Any witness identified or disclosed in any parties' disclosure statements, motions, pleadings, or discovery responses or investigative statements and to whom Defendants do not object.

23.     Any impeachment or rebuttal witness whom at this time Defendants cannot anticipate calling in connection with the rebuttal of Plaintiff s evidence.

24.     Any other person who has been deposed in this matter and to whom Defendants do not object.

25.     Any expert disclosed by any party.

26.     Any person subsequently identified through future investigation discovery and determined to be witnesses and to whom Defendants do not object.

27.     Current and former employees of Austin Electric identified on Exhibit A to DOL's Second Amended Complaint to whom Defendants do not object.

28.     Any other DOL staff, investigators, or attorneys who were involved with or that discovery shows have knowledge of DOL's allegations.

29.     Pursuant to the Court's Order (Doc. 262), one or more defense expert witnesses may be identified and disclosed.

### c.     Witnesses who are unlikely to be called at trial:

1.     Julie Pace (Fact Witness)
       The Cavanagh Law Firm
       1850 North Central Avenue, Suite 2400
       Phoenix, Arizona 85004-4527
       (602) 322-4009

Julie Pace, Employment Law Attorney and Senior Member of the Cavanagh Law Firm, would testify regarding the Company's efforts to ensure compliance with various laws, including wage and hour laws, to discover any potential wage and hour compliance issues, to uncover any supervisors or workers who were not following proper Company payroll

practices or any other laws, to educate employees about wage and hour compliance and compensation options and requirements to learn employee preferences, to review steps that the Company took to ensure that it is in compliance with various laws and ensure there are not continuing potential wage and hour compliance issues, and to review Company policies, practices and procedures.

As to the following witnesses, the party against whom the witness is testifying objects to their participation at trial and offers the objection stated below:

Secretary's Objections to Defendants' Witnesses:

| Nicholas Gunderson | FRCP 37(c)(not previously identified) |
| Do Nguyen | FRCP 37(c)(not previously identified) |
| Humberto Galindo | FRCP 37(c)(not previously identified) |
| Julie Pace | Lacks personal knowledge re: overtime and recordkeeping claims; FRCP 37(c) (not previously identified) |

Defendants' Responses to Plaintiff's Objections to Witnesses:

**Nicholas Gunderson**

Objection Response: Mr. Gunderson was timely identified by category as an individual likely to have discoverable information that Defendants may use to support their claims and defenses. *See* 4th Supplemental Disclosure Statement dated 10/13/2017 at p. 8, lines 25-26, 28 (any witness identified or disclosed in any party's disclosure statements or pleadings [DOL's Exhibit A to First Amended Complaint at 8] not objected to by Defendants, and any persons subsequently identified through future investigation and discovery not objected to by Defendants). Mr. Gunderson was identified by name in Defendants' 7th Supplemental Disclosure Statement dated 11/9/18 at p. 15 and 1st

Supplemental Rule 26(a)(3) Pretrial Disclosure Statement dated 11/9/18 at p. 3 (based on DOL's 10/1/18 damages disclosure).

**Do Nguyen**

<u>Objection Response:</u> Mr. Nguyen was timely identified by category as an individual likely to have discoverable information that Defendants may use to support their claims and defenses. *See* 4th Supplemental Disclosure Statement dated 10/13/2017 at p. 8, lines 25-26, 28 (any witness identified or disclosed in any party's disclosure statements or pleadings [DOL's Motion to Amend Exhibit A of Amended Complaint, Doc. 95-1 at 8] not objected to by Defendants, and any persons subsequently identified through future investigation and discovery not objected to by Defendants). Mr. Nguyen was identified by name in Defendants' 7th Supplemental Disclosure Statement dated 11/9/18 at p. 15 and 1st Supplemental Rule 26(a)(3) Pretrial Disclosure Statement dated 11/9/18 at p. 3 (based on DOL's 10/1/18 damages disclosure).

**Humberto Galindo**

<u>Objection Response:</u> Mr. Galindo was timely identified as an individual likely to have discoverable information that Defendants may use to support their claims and defenses in Defendants' 4th Supplemental Disclosure Statement dated 10/13/2017 at p. 8 and identified as a possible trial witness in Defendants' Rule 26(a)(3) Pretrial Disclosure Statement dated 10/20/2017 at p. 2.

**Julie Pace**

<u>Objection Response:</u> Ms. Pace has personal knowledge of the items described in Defendants' 7th Supplemental Disclosure Statement dated November 9, 2018.

**L.    EXPERTS**

In accordance with the Court's Order (Doc. 262) by December 7, 2018

Defendants will disclose the identity and areas of expert testimony on the overtime and record keeping claims, and by December 21, 2018, Defendants will disclose any expert report(s) on the existing overtime and record keeping claims.

**M.    EXHIBITS**

Defendants believe that all documents that have been marked "Confidential" and that are to be used as exhibits should include such mark, rather than allowing an unmarked copy to be used during trial.

Below are the Parties' disclosure of exhibits for trial.  Demonstratives will be disclosed five days before trial.

Secretary's Exhibits:

| Exhibit No. | Description |
|---|---|
| 1. | March-April 2013 Time & Payroll Records Showing Overtime Violations on Their Face |
| 2. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Andres Lopez |
| 3. | Employment Records for Andres Lopez Produced by Defendants November 9, 2018 |
| 4. | 42 Hour MOU for Andres Lopez Dated May 12, 2013 |
| 5. | 42 Hour MOU for Andres Lopez Dated August 31, 2015 |
| 6. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Brandon L. Henderson |

| 7. | Employment Records for Brandon L. Henderson Produced by Defendants November 9, 2018 |
|---|---|
| 8. | 42 Hour MOU for Brandon L. Henderson Dated April 6, 2015 |
| 9. | Safety Meeting Attendance Records for Brandon L. Henderson |
| 10. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Carlos E. Duarte |
| 11. | Employment Records for Carlos E. Duarte Produced by Defendants November 9, 2018 |
| 12. | 42 Hour MOU for Carlos E. Duarte Dated February 10, 2015 |
| 13. | Safety Meeting Attendance Records for Carlos E. Duarte |
| 14. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Christopher Almeraz |
| 15. | Payroll Records for Christopher Almeraz Produced by Defendants November 9, 2018 |
| 16. | Employment Records for Christopher Almeraz Produced by Defendants November 9, 2018 |
| 17. | 42 Hour MOU for Christopher Almeraz Dated July 19, 2016 |
| 18. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Efrain Fimbres |

| 19. | Employment Records for Efrain Fimbres Produced by Defendants November 9, 2018 |
|---|---|
| 20. | 42 Hour MOU for Efrain Fimbres Dated December 23, 2013 |
| 21. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Enrique Valencia |
| 22. | Payroll Records for Enrique Valencia Produced by Defendants November 9, 2018 |
| 23. | Employment Records for Enrique Valencia Produced by Defendants November 9, 2018 |
| 24. | 42 Hour MOU for Enrique Valencia Dated September 26, 2016 |
| 25. | Safety Meeting Attendance Records for Enrique Valencia |
| 26. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Eric Hernandez |
| 27. | Payroll Records for Eric Hernandez Produced by Defendants November 9, 2018 |
| 28. | Employment Records for Eric Hernandez Produced by Defendants November 9, 2018 |
| 29. | 42 Hour MOU for Eric Hernandez Dated August 26, 2015 |
| 30. | Safety Meeting Attendance Records for Eric Hernandez |

| 31. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Felix Ortega-Contreras |
| 32. | Employment Records for Felix Ortega-Contreras Produced by Defendants November 9, 2018 |
| 33. | 42 Hour MOU for Felix Contreras-Ortega Dated August 29, 2013 |
| 34. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Gonzalo Rivera Garcia |
| 35. | Payroll Records for Gonzalo Rivera Garcia Produced by Defendants November 9, 2018 |
| 36. | Employment Records for Gonzalo Rivera Garcia Produced by Defendants November 9, 2018 |
| 37. | 42 Hour MOU for Gonzalo Rivera Garcia Dated October 9, 2014 |
| 38. | 42 Hour MOU for Gonzalo Rivera Garcia Dated October 9, 2014 |
| 39. | Safety Meeting Attendance Records for Gonzalo Rivera Garcia |
| 40. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Guillermo Perez |
| 41. | Employment Records for Guillermo Perez Produced by Defendants November 9, 2018 |
| 42. | 42 Hour MOU for Guillermo Perez Dated October 3, 2014 |

| 43. | 40 Hour MOU for Guillermo Perez Dated March 3, 2015 |
| --- | --- |
| 44. | Safety Meeting Attendance Records for Guillermo Perez |
| 45. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Hector Coronado |
| 46. | Payroll Records for Hector Coronado Produced by Defendants November 9, 2018 |
| 47. | Employment Records for Hector Coronado Produced by Defendants November 9, 2018 |
| 48. | 42 Hour MOU for Hector Coronado Dated July 8, 2013 |
| 49. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Israel Morales |
| 50. | Payroll Records for Israel Morales Produced by Defendants November 9, 2018 |
| 51. | Employment Records for Israel Morales Produced by Defendants November 9, 2018 |
| 52. | 42 Hour MOU for Israel Morales Dated May 20, 2016 |
| 53. | Safety Meeting Attendance Records for Israel Morales |
| 54. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Jafet Gutierrez Miranda |

| 55. | Employment Records for Jafet Gutierrez Miranda Produced by Defendants November 9, 2018 |
| --- | --- |
| 56. | Payroll Records for Jafet Gutierrez Miranda Produced by Defendants November 9, 2018 |
| 57. | 42 Hour MOU for Jafet Gutierrez Miranda Dated March 9, 2017 |
| 58. | Safety Meeting Attendance Records for Jafet Gutierrez Miranda |
| 59. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Javier Gutierrez Miranda |
| 60. | Employment Records for Javier Gutierrez Miranda Produced by Defendants November 9, 2018 |
| 61. | Payroll Records for Javier Gutierrez Miranda Produced by Defendants November 9, 2018 |
| 62. | 42 Hour MOU for Javier Gutierrez Miranda Dated October 3, 2014 |
| 63. | 42 Hour MOU for Javier Gutierrez Miranda Dated October 3, 2014 |
| 64. | Safety Meeting Attendance Records for Javier Gutierrez Miranda |
| 65. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Javier Montano |
| 66. | Payroll Records for Javier Montano Produced by Defendants November 9, 2018 |

| 67. | Employment Records for Javier Montano Produced by Defendants November 9, 2018 |
| 68. | 42 Hour MOU for Javier Montano Dated October 8, 2014 |
| 69. | 42 Hour MOU for Javier Montano Dated December 17, 2014 |
| 70. | Safety Meeting Attendance Records for Javier Montano |
| 71. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Jesus Roberto Duran |
| 72. | Payroll Records for Jesus Roberto Duran Produced by Defendants November 9, 2018 |
| 73. | Employment Records for Jesus Roberto Duran Produced by Defendants November 9, 2018 |
| 74. | 42 Hour MOU for Jesus Roberto Duran Dated August 28, 2013 |
| 75. | Safety Meeting Attendance Records for Jesus Roberto Duran |
| 76. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Joel Valladolid |
| 77. | Employment Records for Joel Valladolid Produced by Defendants November 9, 2018 |
| 78. | 42 Hour MOU for Joel Valladolid Dated May 12, 2015 |

| 79. | Safety Meeting Attendance Records for Joel Valladolid |
|---|---|
| 80. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Jose Antonio Garcia |
| 81. | Payroll Records for Jose Antonio Garcia Produced by Defendants November 9, 2018 |
| 82. | Employment Records for Jose Antonio Garcia Produced by Defendants November 9, 2018 |
| 83. | 42 Hour MOU for Jose Antonio Garcia Dated October 3, 2014 |
| 84. | Safety Meeting Attendance Records for Jose Antonio Garcia |
| 85. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Jose Orozco |
| 86. | Employment Records for Jose Orozco Produced by Defendants November 9, 2018 |
| 87. | 42 Hour MOU for Jose Orozco Dated August 22, 2013 |
| 88. | 42 Hour MOU for Jose Orozco Dated October 8, 2014 |
| 89. | Safety Meeting Attendance Records for Jose Orozco |
| 90. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Jose Stevens |

| **91.** | Payroll Records for Jose Stevens Produced by Defendants November 9, 2018 |
|---------|--------------------------------------------------------------------------|
| **92.** | Employment Records for Jose Stevens Produced by Defendants November 9, 2018 |
| **93.** | 42 Hour MOU for Jose Stevens Dated June 8, 2018 |
| **94.** | Safety Meeting Attendance Records for Jose Stevens |
| **95.** | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Juana Colmenares |
| **96.** | Employment Records for Juana Colmenares Produced by Defendants November 9, 2018 |
| **97.** | 42 Hour MOU for Juana Colmenares Dated August 19, 2016 |
| **98.** | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for  piece worker Julian Perez |
| **99.** | Payroll Records for Julian Perez Produced by Defendants November 9, 2018 |
| **100.** | Employment Records for Julian Perez Produced by Defendants November 9, 2018 |
| **101.** | 42 Hour MOU for Julian Perez Dated October 2, 2014 |
| **102.** | Safety Meeting Attendance Records for Julian Perez |

| 103. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker KC Marshall |
|------|-----|
| 104. | Employment Records for KC Marshall Produced by Defendants November 9, 2018 |
| 105. | 42 Hour MOU for KC Marshall Dated January 4, 2016 |
| 106. | Safety Meeting Attendance Records for KC Marshall |
| 107. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Luis Wofford |
| 108. | Employment Records for Luis Wofford Produced by Defendants November 9, 2018 |
| 109. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Marc Taylor |
| 110. | Employment Records for Marc Taylor Produced by Defendants November 9, 2018 |
| 111. | 42 Hour MOU for Marc Taylor Dated October 20, 2015 |
| 112. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Martin Mendez |
| 113. | Employment Records for Martin Mendez Produced by Defendants November 9, 2018 |
| 114. | 42 Hour MOU for Martin Mendez Dated August 19, 2016 |

| 115. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Michael Norton |
|---|---|
| 116. | Employment Records for Michael Norton Produced by Defendants November 9, 2018 |
| 117. | 42 Hour MOU for Michael Norton Dated June 17, 2015 |
| 118. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Michael Youngling |
| 119. | Employment Records for Michael Youngling Produced by Defendants November 9, 2018 |
| 120. | 42 Hour MOU for Michael Youngling Dated May 11, 2016 |
| 121. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Oscar Coronado |
| 122. | Employment Records for Oscar Coronado Produced by Defendants November 9, 2018 |
| 123. | 42 Hour MOU for Oscar Coronado Dated November 12, 2015 |
| 124. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Oscar Falcon |
| 125. | Employment Records for Oscar Falcon Produced by Defendants November 9, 2018 |
| 126. | Safety Meeting Attendance Records for Oscar Falcon |

| 127. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Paul McNulty |
| --- | --- |
| 128. | Employment Records for Paul McNulty Produced by Defendants November 9, 2018 |
| 129. | 42 Hour MOU for Paul McNulty Dated November 19, 2015 |
| 130. | Safety Meeting Attendance Records for Paul McNulty |
| 131. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Raul Rosales |
| 132. | Payroll Records for Raul Rosales Produced by Defendants November 9, 2018 |
| 133. | Employment Records for Raul Rosales Produced by Defendants November 9, 2018 |
| 134. | 42 Hour MOU for Raul Rosales Dated January 26, 2017 |
| 135. | Safety Meeting Attendance Records for Raul Rosales |
| 136. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Reuben Rascon |
| 137. | Payroll Records for Reuben Rascon Produced by Defendants November 9, 2018 |
| 138. | Employment Records for Reuben Rascon Produced by Defendants November 9, 2018 |

| 139. | 42 Hour MOU for Reuben Rascon Dated June 26, 2015 |
| 140. | Safety Meeting Attendance Records for Reuben Rascon |
| 141. | Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Victor Correa |
| 142. | Employment Records for Victor Correa Produced by Defendants November 9, 2018 |
| 143. | 42 Hour MOU for Victor Correa Dated August 2, 2013 |
| 144. | Discrepancies Packet (Piece Tickets, Time Cards, Payroll) |
| 145. | Defendants' Third Supplemental Response to Plaintiff's First Set of Requests for Production |
| 146. | Defendants' Seventh Supplemental Disclosure Statement |
| 147. | Defendants' Supplemental Rule 26(a)(3) Pretrial Disclosure Statement |
| 148. | Defendants' Answer to Amended Complaint |
| 149. | Docket No. 99-1, Exhibit 2 to Defendants' Opposition to Plaintiff's Motion to Amend |
| 150. | Tolling Agreement Signed by Defendants |

| 151. | Employee List Provided by Defendants in 2015 |
|------|---------------------------------------------|
| 152. | Employee List Provided by Defendants in 2017 |
| 153. | Docket No. 185-3, Exhibit 9 to Defendants' Motion for Sanctions |
| 154. | Email from Jennifer Diaz Re: Ongoing Payroll Problems Dated June 4, 2015 |
| 155. | Payroll Memorandum From "Payroll" Dated October 13, 2016 |
| 156. | Exhibit 3 to Deposition of Gary Zarzyczny-Payroll Memorandum From Monica Palomo Dated April 16, 2013 |
| 157. | Exhibit 2 to Deposition of Steve Weinzierl-Employee List Provided By Defendants on August 3, 2015 |
| 158. | Exhibit 4 to Deposition of Gary Zarzyczny-Payroll Emails from Jennifer Diaz to Managers |
| 159. | Exhibit 8 to Deposition of Jennifer Diaz- Payroll Memorandum From "Payroll" Dated October 13, 2016 |
| 160. | Exhibits 2,4,5,8-10 to Deposition of Defendants' Rule 30(b)(6) Designee |
| 161. | Exhibits 9,11,13,14 to Deposition of Rodolfo Becerra |
| 162. | Exhibits 5,12-21 to Deposition of Jennifer Diaz |

| | |
|---|---|
| **163.** | Exhibits 6,7,9 to Deposition of Jose Gamez |
| **164.** | Exhibit 2 to Deposition of Jorge Ballesteros |
| **165.** | Exhibits 3-6 to Deposition of Jose Ballesteros |
| **166.** | Exhibits 7-8 to Deposition of Steve Weinzierl |
| **167.** | Exhibits 6-9 to Deposition of Gary Zarzyczny |
| **168.** | Defendants' Income Statements (03/2013-09/2018) |
| **169.** | Defendants' Tax Returns (2013-2016) |
| **170.** | Backwage Calculations Produced to Defendants on October 1, 2018 |
| **171.** | Defendants' 2015 ADP Payroll Records |
| **172.** | Defendants' 2016 ADP Payroll Records |
| **173.** | Defendants' 2017 ADP Payroll Records |
| **174.** | Email from Josh Woodard to Mitchell Wood Dated July 16, 2015 with 2013-2015 Payroll Summary Attachments |

| **175.** | Defendants' 2017-2018 Payroll Records Produced by Defendants November 9, 2018 |
| **176.** | Defendants' 2013 ADP Payroll Records |
| **177.** | Defendants' 2014 ADP Payroll Records |

Defendants' Exhibits:

- Exhibit No. 201 – Select Timesheets and Piece Rate Tickets for Christopher Almeraz.

- Exhibit No. 202 – Select Timesheets and Piece Rate Tickets for Juana Colmenares.

- Exhibit No. 203 – Select Timesheets and Piece Rate Tickets for Hector Coronado.

- Exhibit No. 204 – Select Timesheets and Piece Rate Tickets for Oscar Coronado.

- Exhibit No. 205 – Select Timesheets and Piece Rate Tickets for Victor Correa.

- Exhibit No. 206 – Select Timesheets and Piece Rate Tickets for Carlos Duarte.

- Exhibit No. 207 – Select Timesheets and Piece Rate Tickets for Jesus Roberto Duran.

- Exhibit No. 208 – Select Timesheets and Piece Rate Tickets for Oscar Falcon.

- Exhibit No. 209 – Select Timesheets and Piece Rate Tickets for Efrain Fimbres.

- Exhibit No. 210 – Select Timesheets and Piece Rate Tickets for Jose Antonio Garcia.

- Exhibit No. 211 – Select Timesheets and Piece Rate Tickets for Ben Cannon Garr.

- Exhibit No. 212 – Select Timesheets and Piece Rate Tickets for Jafet Guiterrez Miranda.

- Exhibit No. 213 – Select Timesheets and Piece Rate Tickets for Javier Guiterrez

Miranda.

- Exhibit No. 214 – Select Timesheets and Piece Rate Tickets for Brandon Henderson.

- Exhibit No. 215 – Select Timesheets and Piece Rate Tickets for Maria Hernandez De Lourdes.

- Exhibit No. 216 – Select Timesheets and Piece Rate Tickets for Eric Hernandez.

- Exhibit No. 217 – Select Timesheets and Piece Rate Tickets for Andres Lopez.

- Exhibit No. 218 – Select Timesheets and Piece Rate Tickets for KC Marshall.

- Exhibit No. 219 – Select Timesheets and Piece Rate Tickets for Paul McNulty.

- Exhibit No. 220 – Select Timesheets and Piece Rate Tickets for Martin Mendez.

- Exhibit No. 221 – Select Timesheets and Piece Rate Tickets for Javier Montano.

- Exhibit No. 222 – Select Timesheets and Piece Rate Tickets for Israel Morales.

- Exhibit No. 223 – Select Timesheets and Piece Rate Tickets for Michael Norton.

- Exhibit No. 224 – Select Timesheets and Piece Rate Tickets for Felix Ortega-Contreras.

- Exhibit No. 225 – Select Timesheets and Piece Rate Tickets for Jose Orozco.

- Exhibit No. 226 – Select Timesheets and Piece Rate Tickets for Guillermo Perez.

- Exhibit No. 227 – Select Timesheets and Piece Rate Tickets for Jose Julian Perez Hernandez.

- Exhibit No. 228 –Packets showing acknowledgment through signature by Julian Perez for receipt of materials dated between May through October of 2018 (AE171238-AE171406).

- Exhibit No. 229 – Select Timesheets and Piece Rate Tickets for Reuben Rascon.

- Exhibit No. 230 – Select Timesheets and Piece Rate Tickets for Gonzalo Rivera Garcia.

- Exhibit No. 231 – Select Timesheets and Piece Rate Tickets for Raul Rosales.

- Exhibit No. 232 – Select Timesheets and Piece Rate Tickets for Oscar Rosas Vasquez.

- Exhibit No. 233 – Select Timesheets and Piece Rate Tickets for Victor Ruiz.

- Exhibit No. 234 – Select Timesheets and Piece Rate Tickets for Jose Stevens.

- Exhibit No. 235 – Select Timesheets and Piece Rate Tickets for Marc Taylor.

- Exhibit No. 236 – Select Timesheets and Piece Rate Tickets for Luis Daniel Toledo.

- Exhibit No. 237 – Select Timesheets and Piece Rate Tickets for Enrique Valencia.

- Exhibit No. 238 – Select Timesheets and Piece Rate Tickets for Joel Valladolid.

- Exhibit No. 239 – Select Timesheets and Piece Rate Tickets for Luis Wofford.

- Exhibit No. 240 – Select Timesheets and Piece Rate Tickets for Michael Youngling.

- Exhibit No. 241 – Austin Electric Services, LLC Amcheck Weekly Pay Records January 1, 2018 through November 16, 2018 (AE195989-196256).

- Exhibit No. 242 –Approximately 1,500 Austin Electric employee timecards showing employees recorded overtime 2013-2016 (select pages from documents bates labeled between ranges SW-AE-DOL000116-030420 and AE-DOL000321-047623).

- Exhibit No. 243 –Approximately 400 Austin Electric employee timecards showing Austin Electric's payroll department increased the total number of hours listed by the employee 2013-2016 (select pages from documents bates labeled between ranges SW-AE-DOL000024-030529 and AE-DOL000591-047760).

- Exhibit No. 244 – Austin Electric Services, LLC Amcheck Weekly Pay Records October 1, 2017 through December 31, 2017 (AE195908-195988).

- Exhibit No. 245 – Austin Electric Services, LLC's Payroll and Time Card Reminder (AE004759-004760).

- Exhibit No. 246 – Memorandums of Understanding ("MOU's") for Hector Coronado (AE000039, AE173797).

- Exhibit No. 247 – Memorandums of Understanding ("MOU's") for Oscar Coronado (AE173565).

- Exhibit No. 248 – Memorandums of Understanding ("MOU's") for Victor Correa (AE173915).

- Exhibit No. 249 – Austin Electric Services, LLC General Ledger Transaction List for Account 5115 dated between 2013 through 2017 (AE026271-026306) (CONFIDENTIAL).

- Exhibit No. 250 – Memorandums of Understanding ("MOU's") for Jesus Roberto Duran (AE000096, AE173898).

- Exhibit No. 251 – Memorandums of Understanding ("MOU's") for Efrain Fimbres (AE173799, AE173801).

- Exhibit No. 252 – Memorandums of Understanding ("MOU's") for Jose Antonio Garcia (AE000141, AE171448-AE171449).

- Exhibit No. 253 – Memorandums of Understanding ("MOU's") for Ben Cannon Garr (AE000007-8, AE000196, AE173868).

- Exhibit No. 254 – Memorandums of Understanding ("MOU's") for Jafet Guiterrez Miranda (AE171423-AE17124).

- Exhibit No. 255 – Memorandums of Understanding ("MOU's") for Javier Guiterrez Miranda (AE171437-AE171438).

- Exhibit No. 256 – Memorandums of Understanding ("MOU's") for Brandon Henderson (AE000009, AE173922).

- Exhibit No. 257 – Memorandums of Understanding ("MOU's") for Maria Hernandez De Lourdes (AE000059, AE000332).

- Exhibit No. 258 – Memorandums of Understanding ("MOU's") for Eric Hernandez (AE000023, AE173811).

- Exhibit No. 259 – Austin Electric's General Ledger Transaction List for account 5100 between the time period of August 2017 through October 2018 (AE174038-AE195812).

- Exhibit No. 260 – Austin Electric's General Ledger Transaction List for account 5100 between the time period of March 2013 through July 2017 (AE059191-AE087685.1475, AE087686-AE097684.6273, AE097685-107507) (CONFIDENTIAL).

- Exhibit No. 261 – Memorandums of Understanding ("MOU's") for Paul McNulty (AE173578).

- Exhibit No. 262 – Austin Electric's quarterly unemployment insurance tax and wage reports to DES for January 1, 2017 through September 30, 2018 (AE173925-174037).

- Exhibit No. 263 – Memorandums of Understanding ("MOU's") for Javier Montano (AE173536, AE173542-173543).

- Exhibit No. 264 – Cover page from Arizona DES unemployment tax and wage reports and Austin Electric's quarterly tax and wage reports for 2014 Quarter 4 (AE004943A-5033A).

- Exhibit No. 265 – Memorandums of Understanding ("MOU's") for Michael Norton (AE000062, AE000098, AE173559).

- Exhibit No. 266 – Memorandums of Understanding ("MOU's") for Felix Ortega-Contreras (AE171086-171087).

- Exhibit No. 267 – Memorandums of Understanding ("MOU's") for Jose Orozco (AE000144, AE171188-AE171189).

- Exhibit No. 268 – Memorandums of Understanding ("MOU's") for Guillermo Perez (AE171565-AE171567).

- Exhibit No. 269 – Memorandums of Understanding ("MOU's") for Jose Julian Perez Hernandez (AE171561).

- Exhibit No. 270 – Memorandums of Understanding ("MOU's") for Reuben Rascon (AE173584, AE173592).

- Exhibit No. 271 – Memorandums of Understanding ("MOU's") for Gonzalo Rivera Garcia (AE173595).

- Exhibit No. 272 – Memorandums of Understanding ("MOU's") for Raul Rosales (AE171234-AE171237).

- Exhibit No. 273 – Memorandums of Understanding ("MOU's") for Oscar Rosas Vasquez (AE000068, AE171564).

- Exhibit No. 274 – Memorandums of Understanding ("MOU's") for Victor Ruiz (AE000094, AE173604).

- Exhibit No. 275 – Memorandums of Understanding ("MOU's") for Jose Stevens (AE173608, AE173620).

- Exhibit No. 276 – Memorandums of Understanding ("MOU's") for Marc Taylor

(AE173627, AE173631).

- Exhibit No. 277 – Memorandums of Understanding ("MOU's") for Luis Daniel Toledo (AE173633, AE173636).

- Exhibit No. 278 – Memorandums of Understanding ("MOU's") for Enrique Valencia (AE000021, AE171187, AE171610).

- Exhibit No. 279 – Memorandums of Understanding ("MOU's") for Joel Valladolid (AE173642, AE173651).

- Exhibit No. 280 – Austin Electric's quarterly unemployment insurance tax and wage reports to DES for 2016 (AE004791A-4872A).

- Exhibit No. 281 – Selected Austin Electric employee signed Memorandums of Understanding ("MOU's"), other than the DOL's disclosed 40 trial witnesses (AE000003-6, AE000010-20, AE000022, AE000024-38, AE000040-58, AE000060-61, AE000063-67, AE000069-93, AE000095, AE000097, AE000099-123, AE000125-126, AE000128-132, AE000135-140, AE000142-143, AE000145-159, AE000161-184, AE000186-195, AE000197-209, AE000211-218, AE000220-232, AE000234-236, AE000238-239, AE000241-246, AE000249, AE000251-256, AE000258-289, AE000291-296, AE000298-328, AE000330, AE000333-354, AE000356-366, AE000368, AE000370-375, AE000377-416, AE000418-432).

- Exhibit No. 282 – Portion of Austin Electric, LLC ADP earnings records produced by the DOL for 2013-2017 (DOL003398-022235).

- Exhibit No. 283 – Austin Electric's quarterly unemployment insurance tax and wage reports to DES for 2013 to 2015 (AE000893A-999A).

- Exhibit No. 284 – Payroll Records for Gerald Snyder.

- Exhibit No. 285 – Rule 1006 summary exhibits containing summary of Austin

Electric's financial information and pay to employees.

- Exhibit No. 286 –Spreadsheet providing square footage of homes per piece rate tickets assigned to employees and relevant to this litigation (AE172137-AE172333).

- Exhibit No. 287 –Austin Electric Employee Handbook in Spanish (AE172082-AE172136).

- Exhibit No. 288 –Austin Electric Employee Handbook in English (AE172030-AE172081).

- Exhibit No. 289 – Article posted in AZCentral.com July 21, 2017 titled "Construction company builds second chances for former inmates" (AE005807-5811).

- Exhibit No. 290 –Joe Church memorandum to all employees re time cards dated February 21, 2014 (AE005783).

- Exhibit No. 291 – Austin Electric emails regarding timecard practices, employee pay issues, and proper recordkeeping (AE0004761-4774, AE4780-4790).

- Exhibit No. 292 – Select Timesheets and Piece Rate Tickets for Gerald Snyder.

- Exhibit No. 293 – DOL-provided labor law posters regarding lawful pay practices and overtime posted at Austin Electric (AE000790-792).

- Exhibit No. 294 – DOL attorney Joseph Lake's email to Josh Woodard dated June 27, 2016 and attachment of DOL's alleged damages calculations, re-produced as Exhibit 8 to the deposition of DOL investigator Mitch Wood on 9-22-17.

- Exhibit No. 295 –Austin Electric Services, LLC handbook acknowledgment and agreement signed by piece-rate employees identified on the DOL's Amended Exhibit A [Dkt. 95-1] (AE173666-173770).

- Exhibit No. 296 – Declaration of Gerald Snyder (AE000001).

- Exhibit No. 297 – Selected pages from DOL Investigation file (DOL000001-000286, DOL000370-375, DOL000415, DOL000422).

- Exhibit No. 298 – Raul Rosales signature taken during his deposition.

- Exhibit No. 299 – Payroll Records for Christopher Almeraz.

- Exhibit No. 300– Payroll Records for Juana Colmenares.

- Exhibit No. 301 – Payroll Records for Hector Coronado.

- Exhibit No. 302 – Payroll Records for Oscar Coronado.

- Exhibit No. 303– Payroll Records for Victor Correa.

- Exhibit No. 304– Payroll Records for Carlos Duarte.

- Exhibit No. 305– Payroll Records for Jesus Roberto Duran.

- Exhibit No. 306 – Payroll Records for Oscar Falcon.

- Exhibit No. 307– Payroll Records for Efrain Fimbres.

- Exhibit No. 308– Payroll Records for Jose Antonio Garcia.

- Exhibit No.309 – Payroll Records for Ben Cannon Garr.

- Exhibit No. 310 – Payroll Records for Jafet Guiterrez Miranda.

- Exhibit No. 311 –Amcheck paystubs for Jafet Miranda for time period October 2017 through October 2018 (AE171425-171432, AE172342-AE172433) (CONFIDENTIAL).

- Exhibit No. 312 – Payroll Records for Javier Guiterrez Miranda.

- Exhibit No. 313 –Amcheck paystubs for Javier Miranda for time period October 2017 through October 2018 (AE171439-171446, AE172434-AE172529)

(CONFIDENTIAL).

- Exhibit No. 314 – Payroll Records for Brandon Henderson.

- Exhibit No. 315 – Payroll Records for Maria Hernandez De Lourdes.

- Exhibit No. 316 – Payroll Records for Eric Hernandez.

- Exhibit No. 317 – Payroll Records for Andres Lopez.

- Exhibit No. 318 – Payroll Records for KC Marshall.

- Exhibit No. 319 – Payroll Records for Paul McNulty.

- Exhibit No. 320 – Payroll Records for Martin Mendez.

- Exhibit No. 321 – Payroll Records for Javier Montano.

- Exhibit No. 322 – Payroll Records for Israel Morales.

- Exhibit No. 323 – Payroll Records for Michael Norton.

- Exhibit No. 324 – Payroll Records for Felix Ortega-Contreras.

- Exhibit No. 325 – Payroll Records for Jose Orozco.

- Exhibit No. 326 – Payroll Records for Guillermo Perez.

- Exhibit No. 327 – Payroll Records for Jose Julian Perez Hernandez.

- Exhibit No. 328 – Julian Perez check history detail (AE171407-171414) (CONFIDENTIAL).

- Exhibit No. 329 –Amcheck paystubs for Julian Perez for time period October 2017 through October 2018 (AE171455-AE171560) (CONFIDENTIAL).

- Exhibit No. 330 –Updated Amcheck paystubs for Julian Perez between the time period October 6, 2018 - October 24, 2018 (AE172016-AE172017) (CONFIDENTIAL).

- Exhibit No. 331 –November 2018 payment to Julian Perez for unreported piece tickets (AE195813-195907).

- Exhibit No. 332 – Payroll Records for Reuben Rascon.

- Exhibit No. 333 – Payroll Records for Gonzalo Rivera Garcia.

- Exhibit No. 334 – Payroll Records for Raul Rosales.

- Exhibit No. 335 – Payroll Records for Oscar Rosas Vasquez.

- Exhibit No. 336 – Amcheck paystubs for Oscar Rosas Vasquez for time period October 2017 through October 2018 (AE172590-AE172691) (CONFIDENTIAL).

- Exhibit No. 337 – Updated Amcheck paystubs for Oscar Rosas Vasquez between the time period October 2017 through October 2018 (AE172334-172341) (CONFIDENTIAL).

- Exhibit No. 338 – Payroll Records for Victor Ruiz.

- Exhibit No. 339 – Payroll Records for Jose Stevens.

- Exhibit No. 340 – Payroll Records for Marc Taylor.

- Exhibit No. 341 – Payroll Records for Luis Daniel Toledo.

- Exhibit No. 342 – Payroll Records for Enrique Valencia.

- Exhibit No. 343 – Amcheck paystubs for Enrique Valencia for time period October 2017 through October 2018 (AE172530-AE172589) (CONFIDENTIAL).

- Exhibit No. 344 – Payroll Records for Joel Valladolid.

- Exhibit No. 345 – Payroll Records for Luis Wofford.

- Exhibit No. 346 – Payroll Records for Michael Youngling.

- Exhibit No. 347 – Austin Electric Services, LLC ADP Employee Earnings Records for 2017, 3rd quarter ending September 30, 2017 (AE172738-AE173210) (CONFIDENTIAL).

- Exhibit No. 348 – Austin Electric Services, LLC Amcheck check history detail between the time period October 1, 2018 - November 7, 2018 (AE173211-AE173532) (CONFIDENTIAL).

- Exhibit No. 349 – Austin Electric's ADP payroll registers for March 2013 – November 2016 (AE001012A-4748A).

- Exhibit No. 350 – Updated Amcheck paystubs for employees between the time period October 6, 2017 - October 5, 2018 (AE171088-171186, AE171614-172029) (CONFIDENTIAL).

- Exhibit No. 351 – Select pages from the Personnel Files for Christopher Almeraz (AE173775-173780, AE173782) (CONFIDENTIAL).

- Exhibit No. 352 – Select pages from the Personnel Files for Juana Colmenares (AE171074-171079, AE171081-171083) (CONFIDENTIAL).

- Exhibit No. 353 – Select pages from the Personnel Files for Hector Coronado (AE173794, AE173796).

- Exhibit No. 354 – Select pages from the Personnel Files for Oscar Coronado (AE173560-173564, AE173566-173569) (CONFIDENTIAL).

- Exhibit No. 355 – Select pages from the Personnel Files for Victor Correa (AE173911-173914, AE173916) (CONFIDENTIAL).

- Exhibit No. 356 – Select pages from the Personnel Files for Carlos Duarte (AE171451-171454, AE171574-171575) (CONFIDENTIAL).

- Exhibit No. 357 – Select pages from the Personnel Files for Jesus Roberto Duran (AE173900-173910) (CONFIDENTIAL).

- Exhibit No. 358 – Payroll Records for Nicholas Gunderson.

- Exhibit No. 359 – Select pages from the Personnel Files for Efrain Fimbres (AE173798, AE173800) (CONFIDENTIAL).

- Exhibit No. 360 – Select pages from the Personnel Files for Jose Antonio Garcia (AE171576-171589) (CONFIDENTIAL).

- Exhibit No. 361 – Select pages from the Personnel Files for Ben Cannon Garr (AE173816-173867, 173869-173874) (CONFIDENTIAL).

- Exhibit No. 362 – Select pages from the Personnel Files for Jafet Guiterrez Miranda (AE171415-AE171417, AE171433-171436) (CONFIDENTIAL).

- Exhibit No. 363 – Select pages from the Personnel Files for Javier Guiterrez Miranda (AE171072-171073) (CONFIDENTIAL).

- Exhibit No. 364 – Select pages from the Personnel Files for Brandon Henderson (AE173917-173921, AE173923) (CONFIDENTIAL).

- Exhibit No. 365 – Select pages from the Personnel Files for Maria Hernandez De Lourdes (AE173875-173884) (CONFIDENTIAL).

- Exhibit No. 366 – Select pages from the Personnel Files for Eric Hernandez (AE173802-173810, AE173812) (CONFIDENTIAL).

- Exhibit No. 367 – Select pages from the Personnel Files for Andres Lopez (AE173785-173791, DOL022435) (CONFIDENTIAL).

- Exhibit No. 368 – Select pages from the Personnel Files for KC Marshall (AE173885-173888) (CONFIDENTIAL).

- Exhibit No. 369 – Select pages from the Personnel Files for Paul McNulty (AE173570-173577, AE173579-173580) (CONFIDENTIAL).

- Exhibit No. 370 – Select pages from the Personnel Files for Martin Mendez (AE173890-173895, AE173897) (CONFIDENTIAL).

- Exhibit No. 371 – Select pages from the Personnel Files for Javier Montano (AE173533-AE173535, AE173537-173541) (CONFIDENTIAL).

- Exhibit No. 372 – Select pages from the Personnel Files for Israel Morales (AE173544-173549, AE173551-173554) (CONFIDENTIAL).

- Exhibit No. 373 – Select pages from the Personnel Files for Michael Norton (AE173555-173558) (CONFIDENTIAL).

- Exhibit No. 374 – Select pages from the Personnel Files for Felix Ortega-Contreras (AE171084-171085) (CONFIDENTIAL).

- Exhibit No. 375 – Declaration of Jose Luis Gonzales (AE027422).

- Exhibit No. 376 – Declaration of Luis Marquez (AE027423).

- Exhibit No. 377 – Declaration of Patrick McKnight (AE027424).

- Exhibit No. 378 – Declaration of Humberto Galindo (AE059189-059190).

- Exhibit No. 379 – Declarations of Demian Camacho dated 2-27-2018, 10-29-2018.

- Exhibit No. 380 – Declarations of Mitch Wood dated 2-27-2018, 10-30-2018.

- Exhibit No. 381 – Declaration of Nicholas Fiorello dated 10-29-2018.

- Exhibit No. 382 – Select pages from the Personnel Files for Jose Orozco (AE171190, AE171211-171215) (CONFIDENTIAL).

- Exhibit No. 383 – Select pages from the Personnel Files for Guillermo Perez

(AE171598-171606) (CONFIDENTIAL).

- Exhibit No. 384 – Select pages from the Personnel Files for Reuben Rascon (AE173582-173583, AE173585-173591) (CONFIDENTIAL).

- Exhibit No. 385 – Select pages from the Personnel Files for Gonzalo Rivera Garcia (AE173593-173594) (CONFIDENTIAL).

- Exhibit No. 386 – Select pages from the Personnel Files for Raul Rosales (AE171216-171233) (CONFIDENTIAL).

- Exhibit No. 387 – Select pages from the Personnel Files for Oscar Rosas Vasquez (AE171562-171563) (CONFIDENTIAL).

- Exhibit No. 388 – Select pages from the Personnel Files for Victor Ruiz (AE173596-173598, AE173600-173603) (CONFIDENTIAL).

- Exhibit No. 389 – Select pages from the Personnel Files for Jose Stevens (AE173605-173607, AE173609-173619, AE173621-173623, AE173625-1726) (CONFIDENTIAL).

- Exhibit No. 390 – Select pages from the Personnel Files for Marc Taylor (AE173628-173630) (CONFIDENTIAL).

- Exhibit No. 391 – Select pages from the Personnel Files for Luis Daniel Toledo (AE173635) (CONFIDENTIAL).

- Exhibit No. 392 – Select pages from the Personnel Files for Enrique Valencia (AE171607-171609, AE171611-171613) (CONFIDENTIAL).

- Exhibit No. 393 – Select pages from the Personnel Files for Joel Valladolid (AE173637-173641, AE173643-173650) (CONFIDENTIAL).

- Exhibit No. 394 – Select Timesheets and Piece Rate Tickets for Nicholas Gunderson.

- Exhibit No. 395 – Select pages from the Personnel Files for Michael Youngling (AE173654-173660, AE173662-173663, AE173665) (CONFIDENTIAL).

- Exhibit No. 396– Select page from the Personnel Files for Jose Julian Perez Hernandez (AE173924).

- Exhibit No. 397 – DOL produced employee statement for witness Carlos Duarte (DOL000133).

- Exhibit No. 398 – DOL interview summary for witness Jose Antonio Garcia (DOL000138-139).

- Exhibit No. 399 – DOL interview summary for witness Andres Lopez (DOL000145).

- Exhibit No. 400 – DOL interview summary for witness Jafet Gutierrez Miranda (DOL000146-147).

- Exhibit No. 401 – DOL interview summary for witness Javier Gutierrez Miranda (DOL000148-149).

- Exhibit No. 402 – DOL interview summary for witness Jose Orozco (DOL000155-156).

- Exhibit No. 403– DOL interview summary for witness Guillermo Perez (DOL000157).

- Exhibit No. 404 – DOL interview summary for witness Jose Julian Perez (DOL000158-159).

- Exhibit No. 405– DOL interview summary for witness Oscar Rosas Vasquez (DOL000164-165).

- Exhibit No. 406 – DOL interview summary for witness Raul Rosales (DOL022236-22237).

- Exhibit No. 407 – DOL interview summary for witness Enrique Valencia (DOL022238-22239).

- Exhibit No. 408 – Select Timesheets and Piece Rate Tickets for Do Nguyen.

- Exhibit No. 409 – Payroll Records for Do Nguyen.

- Exhibit No. 410 – Any additional documents produced by the DOL pursuant to the Court's order(s) after the date of this disclosure.

- Exhibit No. 411 – Any deposition transcript to which Defendants do not object.

- Exhibit No. 412 – Any deposition exhibits to which Defendants do not object.

- Exhibit No. 413 – Any exhibits necessary for Defendants' rebuttal of Plaintiff's evidence.

- Exhibit No. 414 – Any exhibits listed by Plaintiff to which Defendants do not object.

- Exhibit No. 415– Any demonstrative or illustrative exhibits and documents that aid in explaining the data or items in case.

The following exhibits are admissible in evidence and may be marked in evidence by the Courtroom Deputy:

Plaintiff(s) Exhibits: 3, 4, 5, 7, 8, 11, 12, 15, 16, 17, 19, 20, 22, 23, 24, 27, 28, 29, 32, 33, 35, 36, 37, 38, 41, 42, 43, 46, 50, 51, 52, 55, 56, 57, 60, 61, 62, 66, 67, 68, 69, 72, 73, 74, 77, 78, 81, 82, 83, 86, 87, 88, 91, 92, 93, 96, 97, 99, 100, 101, 104, 105, 108, 110, 111, 113, 114, 116, 117, 119, 120, 122, 123, 125, 128, 129, 132, 133, 134, 137, 138, 139, 142, 143, 149, 150, 151, 153, 154, 155, 158, 159, 160, 163, 164, 166, 167, 168, 169, 170, 171, 172, 173, and 175.

Defendants Exhibits: 201-280, 282-284, 286, 290-293, 299-330, 332-350, 358, 394, 408-409.

As to the following exhibits, the party against whom the exhibit is to be offered

objects to the admission of the exhibit and offers the objection stated below:

**Plaintiff's Exhibits:**

- **Exhibit 1 - March-April 2013 Time & Payroll Records Showing Overtime Violations on Their Face**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit are illegible, one or more pages of the exhibit relate to 18 employees for whom Plaintiff is not seeking relief, one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, one or more pages of the exhibit contain an internal report that does not reflect finalized payroll, and the title and content of the exhibit is misleading and assumes facts not in evidence. Lack of foundation because the author has not been identified and has not provided proper foundation.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.


- **Exhibit 2 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Andres Lopez**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll, and one or more pages of the exhibit do not concern the employee identified as the subject of the exhibit. Lack of foundation because the author has not been identified and has not provided proper foundation.

  Plaintiff's Response:

Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 6 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Brandon L. Henderson**

    Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as February 2013), and one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

    Plaintiff's Response:
    Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 9 - Safety Meeting Attendance Records for Brandon L. Henderson**

    Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

    Plaintiff's Response:
    Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

1

2

- **Exhibit 10 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Carlos E. Duarte**

3

4

5

6

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

7

8

9

10

11

Plaintiff's Response:

Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

12

13

- **Exhibit 13 - Safety Meeting Attendance Records for Carlos E. Duarte**

14

15

Defendants' Objections: Lack of foundation because the author has not been identified and therefore cannot establish foundation.

16

Plaintiff's Response:

17

18

19

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

20

21

22

- **Exhibit 14 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Christopher Almeraz**

23

24

25

26

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

27

Plaintiff's Response:

28

Internal report is part of payroll process and is used by Austin to adjust wages in

some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 18 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Efrain Fimbres**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 21 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Enrique Valencia**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation. NOTE: Some pages don't have bates branding/branding is cutoff.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show

knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 25 - Safety Meeting Attendance Records for Enrique Valencia**

  Defendants' Objections: Lack of foundation because the author has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 26 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Eric Hernandez**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 30 - Safety Meeting Attendance Records for Eric Hernandez**

  Defendants' Objections: Lack of foundation because the author has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 31 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Felix Ortega-Contreras**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 34 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Gonzalo Rivera Garcia**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation

because the author of one or more pages has not been identified and therefore cannot establish foundation.

<u>Plaintiff's Response:</u>

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 38 - 42 Hour MOU for Gonzalo Rivera Garcia Dated October 9, 2014**

  <u>Defendants' Objections:</u> Exhibit 38 is a duplicate of Exhibit 37.
  <u>Plaintiff's Response:</u>
  Document was produced at different times with different bates labels.

- **Exhibit 39 - Safety Meeting Attendance Records for Gonzalo Rivera Garcia**

  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.
  <u>Plaintiff's Response:</u>
  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 40 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Guillermo Perez**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation

because the author of one or more pages has not been identified and therefore cannot establish foundation. NOTE: Some pages don't have bates branding/branding is cutoff.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 44 - Safety Meeting Attendance Records for Guillermo Perez**

  Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 45 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Hector E. Coronado**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, contain an internal report that does not reflect finalized payroll, and do not concern the employee identified as the subject of the exhibit (i.e. Hector N. Coronado, Hector R. Coronado, Lorenia Coronado, and Oscar Coronado). Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 47 - Employment Records for Hector Coronado Produced by Defendants November 9, 2018**

Defendants' Objections: FRE 401/402, 403. Defendants object as all pages of the exhibit do not concern the employee identified as the subject of the exhibit (i.e. Hector N. Coronado, rather than Hector E. Coronado).

Plaintiff's Response:

Any document concerning Hector N. Coronado has been removed. The remaining pages concern to Hector E. Coronado.

- **Exhibit 48 - 42 Hour MOU for Hector Coronado Dated July 8, 2013**

Defendants' Objections: FRE 401/402, 403. Defendants object as all pages of the exhibit do not concern the employee identified as the subject of the exhibit (i.e. Hector N. Coronado, rather than Hector E. Coronado).

Plaintiff's Response:

Will be replaced with 42 Hour MOU for Hector E. Coronado.

- **Exhibit 49 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Israel Morales**

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of

foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

<u>Plaintiff's Response:</u>

Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 53 - Safety Meeting Attendance Records for Israel Morales**

<u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

<u>Plaintiff's Response:</u>

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 54 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Jafet Gutierrez Miranda**

<u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as January 2013), and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

<u>Plaintiff's Response:</u>

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of

employees and Austin's payroll witnesses.

- **Exhibit 58 - Safety Meeting Attendance Records for Jafet Gutierrez Miranda**

  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 59 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Javier Gutierrez Miranda**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as January 2013), one or more pages of the exhibit do not concern the employee identified as the subject of the exhibit (i.e. Javier Montano, not Javier Miranda) and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 63 - 42 Hour MOU for Javier Gutierrez Miranda Dated October 3, 2014**

  <u>Defendants' Objections:</u> Exhibit 63 is a duplicate of Exhibit 62.

  <u>Plaintiff's Response:</u>

  Document was produced at different times with different bates labels.

- **Exhibit 64 - Safety Meeting Attendance Records for Javier Gutierrez Miranda**

  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 65 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Javier Montano**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as January 2013), and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

1  • **Exhibit 70 - Safety Meeting Attendance Records for Javier Montano**

2  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages

3  has not been identified and therefore cannot establish foundation.

4  <u>Plaintiff's Response:</u>

5  Document was prepared and maintained by Austin. There is no indication it is not

6  authentic. Foundation will be established at trial through testimony of employee(s)

7  and Austin witnesses.

8

9  • **Exhibit 71 - Employment Records Packet (Piece Tickets, Time Cards, Payroll,**

10  **etc.) for piece worker Jesus Roberto Duran**

11

12  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages

13  of the exhibit relate to time periods outside the applicable statute of limitations, and

14  contain an internal report that does not reflect finalized payroll. Lack of foundation

15  because the author of one or more pages has not been identified and therefore cannot

16  establish foundation.

17  <u>Plaintiff's Response:</u>

18  Statutory period is to be determined at trial. Even if outside this period, records show

19  knowledge of violations which go to willfulness. Internal report is part of payroll

20  process and is used by Austin to adjust wages in some instances. Austin prepared and

21  maintained these records; foundation will be established through testimony of

22  employees and Austin's payroll witnesses.

23

24  • **Exhibit 75 - Safety Meeting Attendance Records for Jesus Roberto Duran**

25  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages

26  has not been identified and therefore cannot establish foundation.

27  <u>Plaintiff's Response:</u>

28  Document was prepared and maintained by Austin. There is no indication it is not

authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 76 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Joel Valladolid**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 79 - Safety Meeting Attendance Records for Joel Valladolid**

  Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 80 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Jose Antonio Garcia**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation

because the author of one or more pages has not been identified and therefore cannot establish foundation.

<u>Plaintiff's Response:</u>

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 84 - Safety Meeting Attendance Records for Jose Antonio Garcia**

  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation

  <u>Plaintiff's Response:</u>

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 85 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Jose Orozco**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation. NOTE: Some pages don't have bates branding/branding is cutoff.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show

knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 89 - Safety Meeting Attendance Records for Jose Orozco**

  Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 90 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Jose Stevens**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as January 2013), and one or more pages of the exhibit are illegible. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 94 - Safety Meeting Attendance Records for Jose Stevens**

  <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation

  <u>Plaintiff's Response:</u>

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 95 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Juana Colmenares**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

  Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 98 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Julian Perez**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll. Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  <u>Plaintiff's Response:</u>

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 102 - Safety Meeting Attendance Records for Julian Perez**

    <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

    <u>Plaintiff's Response:</u>

    Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 103 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker KC Marshall**

    <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll.

    <u>Plaintiff's Response:</u>

    Internal report is part of payroll process and is used by Austin to adjust wages in some instances. Austin prepared and maintained these records; foundation will be established through testimony of employees and Austin's payroll witnesses.

- **Exhibit 106 - Safety Meeting Attendance Records for KC Marshall**

    <u>Defendants' Objections:</u> Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

    <u>Plaintiff's Response:</u>

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 107 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Luis Wofford**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll.
  Plaintiff's Response:
  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 109 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Marc Taylor**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll.
  Plaintiff's Response:
  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 112 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Martin Mendez**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages

of the exhibit contain an internal report that does not reflect finalized payroll.

Plaintiff's Response:

Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 115 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Michael Norton**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations (including as early as January 2013), and contain an internal report that does not reflect finalized payroll.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 118 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Michael Youngling**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll.

  Plaintiff's Response:

  Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 121 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Oscar Coronado**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages

of the exhibit relate to time periods outside the applicable statute of limitations (including as early as February 2013), contain an internal report that does not reflect finalized payroll, and relate to employees other than for whom Plaintiff seeks relief.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 124 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Oscar Falcon**

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations and contain an internal report that does not reflect finalized payroll.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 126 - Safety Meeting Attendance Records for Oscar Falcon**

Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

Plaintiff's Response:

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 127 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Paul McNulty**

  Defendants' Objections:  FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll.

  Plaintiff's Response:

  Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 130 - Safety Meeting Attendance Records for Paul McNulty**

  Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

  Plaintiff's Response:

  Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 131 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Raul Rosales**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit contain an internal report that does not reflect finalized payroll.

  Plaintiff's Response:

  Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 135 - Safety Meeting Attendance Records for Raul Rosales**

  Defendants' Objections: Lack of foundation because the author of one or more pages

has not been identified and therefore cannot establish foundation.

Plaintiff's Response:

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 136 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Reuben Rascon**

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations and contain an internal report that does not reflect finalized payroll.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 140 - Safety Meeting Attendance Records for Reuben Rascon**

Defendants' Objections: Lack of foundation because the author of one or more pages has not been identified and therefore cannot establish foundation.

Plaintiff's Response:

Document was prepared and maintained by Austin. There is no indication it is not authentic. Foundation will be established at trial through testimony of employee(s) and Austin witnesses.

- **Exhibit 141 - Employment Records Packet (Piece Tickets, Time Cards, Payroll, etc.) for piece worker Victor Correa**

Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages

of the exhibit relate to time periods outside the applicable statute of limitations, and contain an internal report that does not reflect finalized payroll.

Plaintiff's Response:

Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 144 - Discrepancies Packet (Piece Tickets, Time Cards, Payroll)**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations, one or more pages contain an internal report that does not reflect finalized payroll, and one or more pages are illegible. NOTE: Some pages don't have bates branding/branding is cutoff.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal report is part of payroll process and is used by Austin to adjust wages in some instances.

- **Exhibit 145 - Defendants' Third Supplemental Response to Plaintiff's First Set of Requests for Production**

  Defendants' Objections: FRE 401/402, 403. Defendants object on the basis of relevance, and on the basis that such exhibit would be misleading, would waste time, and would needlessly present cumulative evidence.

  Plaintiff's Response:

  Defendants' discovery response relating to their employees' work hours, pay, and other conditions of employment is directly relevant to the claims in this case and its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 146 - Defendants' Seventh Supplemental Disclosure Statement**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object on the basis of relevance, and on the basis that such exhibit would be misleading, would waste time, and would needlessly present cumulative evidence.

  <u>Plaintiff's Response:</u>

  Defendants' disclosure statement relating to their employees' work hours, pay, and other conditions of employment is directly relevant to the claims in this case and its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 147 - Defendants' Supplemental Rule 26(a)(3) Pretrial Disclosure Statement**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object on the basis of relevance, and on the basis that such exhibit would be misleading, would waste time, and would needlessly present cumulative evidence.

  <u>Plaintiff's Response:</u>

  Defendants' disclosure statement relating to their employees' work hours, pay, and other conditions of employment is directly relevant to the claims in this case and its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 148 - Defendants' Answer to Amended Complaint**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object on the basis that this exhibit is not the answer to the operative complaint.

  <u>Plaintiff's Response:</u>

  Defendants' Answer to the Secretary's Amended Complaint has been substituted by Defendants' Amended Answer.

- **Exhibit 152 - Employee List Provided by Defendants in 2017**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object on the basis of relevance.

  <u>Plaintiff's Response:</u>

  Defendants' employee list listing many of the employees for whom the Secretary seeks relief and the pay system under which they had been employed is directly relevant to the claims in this case and its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 156 - Exhibit 3 to Deposition of Gary Zarzyczny-Payroll Memorandum From Monica Palomo Dated April 16, 2013**

  <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations.

  <u>Plaintiff's Response:</u>

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Internal payroll memorandum instructs managers to not allow employees to report more than 40 hours in a workweek.

- **Exhibit 157 - Exhibit 2 to Deposition of Steve Weinzierl-Employee List Provided By Defendants on August 3, 2015**

  <u>Defendants' Objections:</u> Exhibit 157 is a duplicate of Exhibit 153

  <u>Plaintiff's Response:</u>

  The foundation for this particular employee list was provided for by Mr. Weinzierl during his deposition.

1

- **Exhibit 161 - Exhibits 9,11,13,14 to Deposition of Rodolfo Becerra**

2

3    <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages

4    of the exhibit relate to time periods outside the applicable statute of limitations.

5    <u>Plaintiff's Response:</u>

6    Statutory period is to be determined at trial. Even if outside this period, records show

7    knowledge of violations which go to willfulness. Further, its probative value is not

8    outweighed by any of the dangers outlined in FRE 403.

9

- **Exhibit 162 - Exhibits 5,12-21 to Deposition of Jennifer Diaz**

10

11   <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages

12   of the exhibit relate to time periods outside the applicable statute of limitations, and

13   one or more pages are illegible.  NOTE: Some pages don't have bates

14   branding/branding is cutoff.

15   <u>Plaintiff's Response:</u>

16   Statutory period is to be determined at trial. Even if outside this period, records show

17   knowledge of violations which go to willfulness. Further, its probative value is not

18   outweighed by any of the dangers outlined in FRE 403.

19

- **Exhibit 165 - Exhibits 3-6 to Deposition of Jose Ballesteros**

20

21   <u>Defendants' Objections:</u> FRE 401/402, 403. Defendants object as one or more pages

22   of the exhibit relate to time periods outside the applicable statute of limitations.

23   <u>Plaintiff's Response:</u>

24   Statutory period is to be determined at trial. Even if outside this period, records show

25   knowledge of violations which go to willfulness. Further, its probative value is not

26   outweighed by any of the dangers outlined in FRE 403.

27

28

- **Exhibit 174 - Email from Josh Woodard to Mitchell Wood Dated July 16, 2015 with 2013-2015 Payroll Summary Attachments**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Further, its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 176 - Defendants' 2013 ADP Payroll Records**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Further, its probative value is not outweighed by any of the dangers outlined in FRE 403.

- **Exhibit 177 - Defendants' 2014 ADP Payroll Records**

  Defendants' Objections: FRE 401/402, 403. Defendants object as one or more pages of the exhibit relate to time periods outside the applicable statute of limitations.

  Plaintiff's Response:

  Statutory period is to be determined at trial. Even if outside this period, records show knowledge of violations which go to willfulness. Further, its probative value is not outweighed by any of the dangers outlined in FRE 403.

**Defendants' Exhibits**:

- **Exhibit No. 281 – Selected Austin Electric employee signed Memorandums of**

**Understanding ("MOU's"), other than the DOL's disclosed 40 trial witnesses (AE000003-6, AE000010-20, AE000022, AE000024-38, AE000040-58, AE000060-61, AE000063-67, AE000069-93, AE000095, AE000097, AE000099-123, AE000125-126, AE000128-132, AE000135-140, AE000142-143, AE000145-159, AE000161-184, AE000186-195, AE000197-209, AE000211-218, AE000220-232, AE000234-236, AE000238-239, AE000241-246, AE000249, AE000251-256, AE000258-289, AE000291-296, AE000298-328, AE000330, AE000333-354, AE000356-366, AE000368, AE000370-375, AE000377-416, AE000418-432).**

Secretary's Objection:

FRE 402 (relevance), 403(unfair prejudice/confusing issues), 802 (hearsay).

Objection Response: MOUs are directly relevant to Defendants' defenses to the DOL's claims. DOL is seeking damages on behalf of these employees. Nonhearsay purpose of knowledge of the declarant. If offered for the truth of the matter asserted, FRE 803(6) business record exception applies. No prejudice to DOL or confusion from these MOUs.

- **Exhibit No. 285 – Rule 1006 summary exhibits containing summary of Austin Electric's financial information and pay to employees.**

Secretary's Objection:

FRE 402 (relevance), 403(unfair prejudice/confusing issues), 802(hearsay).

Objection Response: Relevant and helpful for summarizing voluminous financial, payroll, wage, and damages documents (identified as the source documents). Specifically contemplated by FRE 1006. Not an out-of-court hearsay statement; summarizing voluminous documents that fit in hearsay exceptions including FRE 803(6) and 801(d)(2).

- **Exhibit No. 287 – Austin Electric Employee Handbook in Spanish (AE172082-AE172136).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Issued beginning 04/2018; timely disclosed on 11/9/18 per Doc. 102 ¶Y (Defendants' supplemental disclosures re DOL documents and witnesses) and Doc. 172 at 20:13-17. Exhibit contains employment policies relevant to DOL witnesses and defenses to DOL's claims. Nonhearsay purpose and FRE 803(6) hearsay exception.

- **Exhibit No. 288 –Austin Electric Employee Handbook in English (AE172030-AE172081).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Same as response to Exhibit No. 287, above.

- **Exhibit No. 289 – Article posted in AZCentral.com July 21, 2017 titled "Construction company builds second chances for former inmates" (AE005807-5811).**

Secretary's Objection:

FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Relevant to DOL's claim that Austin Electric takes advantage of vulnerable, "unsophisticated" employees. Nonhearsay purpose of intent/knowledge. If offered for truth of matters asserted, FRE 807 applies. Not confusing or prejudicial.

- **Exhibit No. 294 – DOL attorney Joseph Lake's email to Josh Woodard dated June 27, 2016 and attachment of DOL's alleged damages calculations, re-**

**produced as Exhibit 8 to the deposition of DOL investigator Mitch Wood on 9-22-17.**

Secretary's Objection:

FRE 408 (settlement discussions), 402 (relevance), 403 (unfair prejudice / confusing the issues), 901 (authentication).

Objection Response: No mention of settlement or offer to compromise in the email. Relevant to DOL's damages method and assumptions. Authentic as coming from a DOL representative; he got "approvals" to share; he based email on employee interviews; and DOL WHD Assistant District Director Mitchell Wood testified he was familiar with it (Wood Depo. Tr. 61:1-6) and about its contents (*Id.* 63:14-64:12).

- **Exhibit No. 295 –Austin Electric Services, LLC handbook acknowledgment and agreement signed by piece-rate employees identified on the DOL's Amended Exhibit A [Dkt. 95-1] (AE173666-173770).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Same as response to Exhibit No. 287, above. In addition, these did not exist until April 2018 - October 2018.

- **Exhibit No. 296 – Declaration of Gerald Snyder (AE000001).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Testifying witness and thus FRE 801(d)(1) hearsay exception may apply at the time of trial. Also, FRE 803(3) state of mind hearsay exception.

- **Exhibit No. 297 – Selected pages from DOL Investigation file (DOL000001-000286, DOL000370-375, DOL000415, DOL000422).**

Secretary's Objection:

FRE 402 (relevance), 403(unfair prejudice/confusing the issues).

Objection Response: Redacted pages relevant to pending motion for sanctions re DOL's withholding of documents. Employee statements and documents showing DOL fact assumptions are relevant to DOL's claims for relief and damages calculations. Not confusing or prejudicial.

- **Exhibit No. 298 – Raul Rosales signature taken during his deposition.**

Secretary's Objection:

FRE 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Not confusing or prejudicial – taken during his deposition in response to his testimony that he allowed others to sign and submit timecards falsely using his name. Nonhearsay purpose of verbal object (identification of handwriting and signature).

- **Exhibit No. 331 –November 2018 payment to Julian Perez for unreported piece tickets (AE195813-195907).**

Secretary's Objection:

Objections to violation letter (Spanish and English) bates AE195813-14: FRE 402 (relevance), 403(unfair prejudice/confusing issues), 802 (hearsay).

Objection Response: Letter is relevant to rebut claim that employee rather than company was the cause of delayed payment of his unreported piece tickets. Not confusing. Nonhearsay purpose of performative statement (payment of wages) and if offered for the

truth of the matter asserted, FRE 803(6) hearsay exception.

- **Exhibit No. 351 – Select pages from the Personnel Files for Christopher Almeraz (AE173775-173780, AE173782) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y (Defendants' supplemental disclosures re DOL documents and witnesses) and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing -- all but one page used by DOL in its Ex. 16. Nonhearsay purpose and FRE 803(6) applies.

- **Exhibit No. 352 – Select pages from the Personnel Files for Juana Colmenares (AE171074-171079, AE171081-171083) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y (Defendants' supplemental disclosures re DOL documents and witnesses) and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing -- all but one page used by DOL in its Ex. 96. Nonhearsay purpose and FRE 803(6) applies.

- **Exhibit No. 353 – Select pages from the Personnel Files for Hector Coronado (AE173794, AE173796).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair

1  prejudice/confusing the issues), 802 (hearsay).

2  Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y (Defendants'

3  supplemental disclosures re DOL documents and witnesses) and Doc. 172 at 20:13-17.

4  Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its

5  Ex. 47. Nonhearsay purpose and FRE 803(6) applies.

6

7  • **Exhibit No. 354 – Select pages from the Personnel Files for Oscar Coronado**

8    **(AE173560-173564, AE173566-173569) (CONFIDENTIAL).**

9

10  Secretary's Objection:

11  FRCP    37(c)(not    previously    disclosed),    FRE    402    (relevance),    403(unfair

12  prejudice/confusing the issues), 802 (hearsay).

13  Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-

14  17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in

15  its Ex. 122 (DOL omitted page showing he was terminated for letting another person work

16  under his name and child support withholding). Nonhearsay purpose and FRE 803(6).

17

18  • **Exhibit No. 355 – Select pages from the Personnel Files for Victor Correa**

19    **(AE173911-173914, AE173916) (CONFIDENTIAL).**

20

21  Secretary's Objection:

22  FRCP    37(c)(not    previously    disclosed),    FRE    402    (relevance),    403(unfair

23  prejudice/confusing the issues), 802 (hearsay).

24  Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-

25  17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in

26  its Ex. 142 (DOL just added the signed MOU). Nonhearsay purpose and FRE 803(6).

27  • **Exhibit No. 356 – Select pages from the Personnel Files for Carlos Duarte**

28

**(AE171451-171454, AE171574-171575) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its Ex. 11 (except DOL omits Church et al emails re termination and final payment). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 357 – Select pages from the Personnel Files for Jesus Roberto Duran (AE173900-173910) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its Ex. 73 (DOL adds his signed MOUs and handbook acknowledgment). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 358 – Select pages from the Personnel Files for Oscar Falcon (AE173813-173815) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – identical to pages used by

DOL in its Ex. 125. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 359 – Select pages from the Personnel Files for Efrain Fimbres (AE173798, AE173800) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its Ex. 19 (except DOL adds his signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 360 – Select pages from the Personnel Files for Jose Antonio Garcia (AE171576-171589) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its Ex. 82 (except DOL adds his signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 361 – Select pages from the Personnel Files for Ben Cannon Garr (AE173816-173867, 173869-173874) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-

17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 362 – Select pages from the Personnel Files for Jafet Guiterrez Miranda (AE171415-AE171417, AE171433-171436) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same pages used by DOL in its Ex. 55 (except DOL adds payroll records and other pages). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 363 – Select pages from the Personnel Files for Javier Guiterrez Miranda (AE171072-171073) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – same two pages [driver's license] used by DOL in its Ex. 60 (except DOL adds his signed MOUs, handbook acknowledgment, and payroll records). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 364 – Select pages from the Personnel Files for Brandon Henderson (AE173917-173921, AE173923) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses same page in its Exhibit 7 (DOL omits termination form for no/call no/show and debt withholding wage order). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 365 – Select pages from the Personnel Files for Maria Hernandez De Lourdes (AE173875-173884) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 366 – Select pages from the Personnel Files for Eric Hernandez (AE173802-173810, AE173812) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses same pages in its Exhibit 28 (DOL just adds signed MOU and handbook acknowledgment). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 367 – Select pages from the Personnel Files for Andres Lopez Leon (AE173785-173791, DOL022435) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 3 (DOL adds signed MOU and omits termination and discipline documents). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 368 – Select pages from the Personnel Files for KC Marshall (AE173885-173888) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 104 (DOL just adds his signed MOU). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 369 – Select pages from the Personnel Files for Paul McNulty (AE173570-173577, AE173579-173580) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in

its Exhibit 128 (DOL just adds signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 370 – Select pages from the Personnel Files for Martin Mendez (AE173890-173895, AE173897) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 113 (DOL just adds signed MOU). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 371 – Select pages from the Personnel Files for Javier Montano (AE173533-AE173535, AE173537-173541) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 67 (DOL just adds signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 372 – Select pages from the Personnel Files for Israel Morales (AE173544-173549, AE173551-173554) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-

17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 51 (DOL omits child support withholding orders and adds signed MOU). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 373 – Select pages from the Personnel Files for Michael Norton (AE173555-173558) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 115 (DOL just adds signed MOU). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 374 – Select pages from the Personnel Files for Felix Ortega-Contreras (AE171084-171085) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 32 (DOL just adds signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 375 – Declaration of Jose Luis Gonzales (AE027422).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Testifying witness and thus FRE 801(d)(1) hearsay exception may

apply at the time of trial. Also, FRE 803(3) state of mind hearsay exception

- **Exhibit No. 376 – Declaration of Luis Marquez (AE027423).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Testifying witness and thus FRE 801(d)(1) hearsay exception may apply at the time of trial. Also, FRE 803(3) state of mind hearsay exception

- **Exhibit No. 377 – Declaration of Patrick McKnight (AE027424).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Testifying witness and thus FRE 801(d)(1) hearsay exception may apply at the time of trial. Also, FRE 803(3) state of mind hearsay exception

- **Exhibit No. 378 – Declaration of Humberto Galindo (AE059189-059190).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Testifying witness and thus FRE 801(d)(1) hearsay exception may apply at the time of trial. Also, FRE 803(3) state of mind hearsay exception

- **Exhibit No. 379 – Declarations of Demian Camacho dated 2-27-2018, 10-29-2018.**

Secretary's Objection:

FRE 802 (hearsay); FRE 402 (relevance).

Objection Response: Statement by a party opponent FRE 801(d)(2) hearsay exception.

02/2018 declaration is relevant to the DOL's allegations of witness intimidation by Defendants and their counsel. 10/2018 declaration is relevant to DOL's claim of ongoing violations of the FLSA.

- **Exhibit No. 380 – Declarations of Mitch Wood dated 2-27-2018, 10-30-2018.**

Secretary's Objection:

FRE 402 (relevance).

Objection Response: 02/2018 declaration relevant to DOL's claim of going violations of the FLSA. 10/2018 declaration relevant to the DOL's methodology and damages they seek in this lawsuit.

- **Exhibit No. 381 – Declaration of Nicholas Fiorello dated 10-29-2018.**

Secretary's Objection:

FRE 402 (relevance).

Objection Response: Relevant to the DOL's withholding of documents upon which it bases it claims and damages in this lawsuit.

- **Exhibit No. 382 – Select pages from the Personnel Files for Jose Orozco (AE171190, AE171211-171215) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c) (not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues). 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 86 (DOL just adds signed MOUs and child support withholding orders). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 383 – Select pages from the Personnel Files for Guillermo Perez (AE171598-171606) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c) (not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues). 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 41 (DOL just adds signed MOUs and omits DelSolFurniture.com signed authorization for employment verification). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 384 – Select pages from the Personnel Files for Reuben Rascon (AE173582-173583, AE173585-173591) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c) (not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues). 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 138 (DOL just adds signed MOUs and handbook acknowledgment). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 385 – Select pages from the Personnel Files for Gonzalo Rivera Garcia (AE173593-173594) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c) (not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues). 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-

17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 36 (DOL just adds signed MOU and handbook acknowledgement). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 386 – Select pages from the Personnel Files for Raul Rosales (AE171216-171233) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 133 (DOL adds signed MOUs and omits child support withholding orders and discipline documentation forms). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 387 – Select pages from the Personnel Files for Oscar Rosas Vasquez (AE171562-171563) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 388 – Select pages from the Personnel Files for Victor Ruiz (AE173596-173598, AE173600-173603) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 389 – Select pages from the Personnel Files for Jose Stevens (AE173605-173607, AE173609-173619, AE173621-173623, AE173625-1726) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 92 (but DOL adds signed MOUs and updated handbook acknowledgment and omits credit application form signed by Stevens and disciplinary forms). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 390 – Select pages from the Personnel Files for Marc Taylor (AE173628-173630) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 110 (DOL just adds signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 391 – Select page from the Personnel Files for Luis Daniel Toledo (AE173635) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 392 – Select pages from the Personnel Files for Enrique Valencia (AE171607-171609, AE171611-171613) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 23 (DOL just adds signed MOUs, Amcheck paycheck records, and handbook acknowledgment form). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 393 – Select pages from the Personnel Files for Joel Valladolid (AE173637-173641, AE173643-173650) (CONFIDENTIAL).**

<u>Secretary's Objection:</u>

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

<u>Objection Response:</u> Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in

its Exhibit 77 (DOL just adds signed MOUs and handbook acknowledgment and omits termination notification for absences from training). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 395 – Select pages from the Personnel Files for Michael Youngling (AE173654-173660, AE173662-173663, AE173665) (CONFIDENTIAL).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing – DOL uses the same pages in its Exhibit 32 (DOL just adds signed MOUs). Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 396– Select page from the Personnel Files for Jose Julian Perez Hernandez (AE173924).**

Secretary's Objection:

FRCP 37(c)(not previously disclosed), FRE 402 (relevance), 403(unfair prejudice/confusing the issues), 802 (hearsay).

Objection Response: Timely disclosed on 11/9/18 per Doc. 102 ¶Y and Doc. 172 at 20:13-17. Relevant to defenses to DOL's claims. Not confusing or prejudicial. Nonhearsay purpose and FRE 803(6).

- **Exhibit No. 397 – DOL produced employee statement for witness Carlos Duarte (DOL000133).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the

truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 398 – DOL interview summary for witness Jose Antonio Garcia (DOL000138-139).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 399 – DOL interview summary for witness Andres Lopez (DOL000145).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 400 – DOL interview summary for witness Jafet Gutierrez Miranda (DOL000146-147).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 401 – DOL interview summary for witness Javier Gutierrez Miranda (DOL000148-149).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 402 – DOL interview summary for witness Jose Orozco (DOL000155-156).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 403– DOL interview summary for witness Guillermo Perez (DOL000157).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 404 – DOL interview summary for witness Jose Julian Perez (DOL000158-159).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 405– DOL interview summary for witness Oscar Rosas Vasquez (DOL000164-165).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 406 – DOL interview summary for witness Raul Rosales (DOL022236-22237).**

Secretary's Objection:

FRE 802 (hearsay).

Objection Response: Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

- **Exhibit No. 407 – DOL interview summary for witness Enrique Valencia (DOL022238-22239).**

Secretary's Objection:

FRE 802 (hearsay).

<u>Objection Response:</u> Nonhearsay purpose (not using employee's statements to prove the truth of the matter asserted). Statements of the DOL author(s) are statements by a party opponent hearsay exception FRE 801(d)(2).

## N.    MOTIONS IN LIMINE & REQUESTED EVIDENTIARY RULINGS

The Parties have agreed on the following evidentiary issues and respectfully request that the Court enter stipulated orders accordingly:

- To prohibit the parties and their counsel from: (1) asking whether an informant witness is lawfully present in the United States; (2) asking whether an informant witness is lawfully authorized to work in the United States; (3) asking the informant witness to provide his/her Social Security Number; (4) asking whether the informant witness is a U.S. citizen or foreign national; or (5) reporting the informant witness to any immigration enforcement agency or suggesting to the informant witness that the parties may do so.
- To exclude evidence and argument regarding the resources available to each party's counsel, including the number of attorneys on each side.

The Parties have filed motions *in limine* at Doc. Nos. 235, 236, 237, 238, 239, 241, and 242 and responses to motions *in limine* at Doc. Nos. 252, 253, 254, 255, 256, 257, and 260.

## O.    PROBABLE LENGTH OF TRIAL

The Court has estimated that trial on the overtime and recordkeeping claims will take eight days.  (Docs. 172, 262).

## P.    TRIAL DATE

The Parties are available for the trial date, currently scheduled for January 15, 2019.

**Q.     STIPULATED PROPOSED STATEMENT OF THE CASE, JURY INSTRUCTIONS, VOIR DIRE QUESTIONS, JUROR QUESTIONNAIRES, FORMS OF VERDICT AND TRIAL MEMORANDUM OF LAW**

The parties will separately file a Stipulated Proposed Statement of the Case and additional questions for the Court's Jury Questionnaire in accordance with the Court's Order (Doc. 261).  In doing so, the Secretary does not waive his argument that a jury trial is improper, as explained in his Motion to Strike (Doc. 263).

The parties will also separately file Proposed Jury Instructions, Voir Dire Questions, Forms of Verdict, and Trial Memorandum of Law in accordance with the Court's Order (Docs. 261, 262) and the instructions on the Court's website under Judges' Orders, Forms & Procedures.  If the Court has not granted the Secretary's Motion to Strike Defendants' Jury Demand (Doc. 263), the Secretary will file proposed Jury Instructions, Verdict Form, Voir Dire Questions, and other related documents on December 18, 2018, per ¶ O of the Court's Third Amended Scheduling Order (Dkt. 102).

**R.     MISCELLANEOUS**

The Parties request sequestration of witnesses pursuant to Federal Rule of Evidence 615.

**S.     MODIFCIATION OF ORDER**

The Court may, in order to prevent manifest injustice or for good cause shown, at the trial of the action or prior thereto upon application of counsel for either party, made in good faith, or upon the motion of the Court, modify the Final Pretrial Order upon such conditions as the Court may deem just and proper.

//

//

//

//

APPROVED AS TO FORM AND CONTENT:

DATED this 5th day of December, 2018.

SNELL & WILMER L.L.P.

By: */s Demian Camacho with permission*
Joshua R. Woodard
Jennifer R. Yee
One Arizona Center
400 E. Van Buren, Suite 1900
Phoenix, Arizona  85004-2202
Attorneys for Defendants Austin
Electric Services LLC and Toby
Thomas

By: */s Demian Camacho*
JANET M. HEROLD
Regional Solicitor
DEMIAN CAMACHO
Trial Attorney
MARC PILOTIN
Wage and Hour Counsel
JESSICA FLORES
Trial Attorney
Office of the Solicitor
350 S. Figueroa Street, Suite 370
Los Angeles, California 90071
*Attorneys for R. Alexander Acosta,*
*Secretary, U.S. Department of Labor*

THIS JOINT PRETRIAL ORDER IS HEREBY APPROVED ON THIS_____

DAY OF _____, 2018.

_____
Roslyn O. Silver
United States District Judge

1

**CERTIFICATE OF SERVICE**

2   I hereby certify that on December 5, 2018, I electronically transmitted this document to

3   the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of

4   Electronic Filing to the following CM/ECF registrants:

5

6   Joshua Woodard

7   Jennifer R. Yee

8   Snell & Wilmer L.L.P.

9   One Arizona Center 400 E. Van Buren, Suite 1900

10  Phoenix, Arizona 85004-2202

11  Attorneys for Defendants Austin

12  Electric Services LLC and Toby Thomas

13

14                                                          /s/ *Demian Camacho*

15

16

17

18

19

20

21

22

23

24

25

26

27

28

---