# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| R Alexander Acosta, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>Austin Electric Services LLC, et al.,<br><br>Defendants. | No. CV-16-02737-PHX-ROS<br><br>**CONSENT JUDGMENT** |

Plaintiff Secretary of Labor, United States Department of Labor ("Secretary") and Defendants Austin Electric Services, LLC ("Austin Electric") and Toby Thomas, individually and as managing agent of Austin Electric (collectively "Defendants"), have agreed to resolve the matters in controversy in this civil action *Acosta v. Austin Electric Services LLC et al.,* Case No. 16-CV-02737-PHX-ROS (the "Primary Lawsuit") and *Acosta v. Scott L. Tonn et al.*, Case No. 18-CV-04710-PHX-DMF (the "Retaliation Lawsuit") and consent to the entry of this Consent Judgment in accordance herewith:

A.  The Secretary and Defendants waive Findings of Fact and Conclusions of Law and agree to the entry of this Consent Judgment in settlement of this action, without further contest.

B.  Defendants admit that the Court has jurisdiction over the parties and subject matter of this civil action and that venue lies in the District of Arizona.

C.  Defendants make no other admissions.

D.  Austin Electric and its officers, agents, servants, and employees, understand

and agree that demanding or accepting any of the funds due employees under this Consent Judgment, threatening any employee or retaliating against any employee for accepting money due under this Consent Judgment, or for exercising any of their rights under the FLSA is specifically prohibited by the FLSA and this Consent Judgment.

E. Upon the Court's entry of this consent judgment and a signed settlement agreement from the Retaliation Lawsuit defendants, the Secretary agrees to dismiss voluntarily the unserved Retaliation Lawsuit by filing a notice of dismissal with prejudice pursuant to Federal Rule of Civil Procedure 41(a)(1)(A).

F. Upon the Court's entry of this Consent Judgment, the parties agree to take necessary actions to dismiss the appeal filed with the Ninth Circuit Court of Appeals, No. 18-16581.

G. The parties agree that Defendant Austin Electric will pay the Secretary a total amount of One Million Dollars and Zero Cents ($1,000,000.00), to be divided between back wages of $462,500, less required withholdings for employees' portions of tax obligations; $462,500 in liquidated damages; and $75,000 in civil money penalties ("Total Settlement Amount"). The parties agree that these amounts will be paid based on the following procedure:

    a. By January 11, 2019, the Secretary will file an Amended Exhibit A to this Consent Judgment identifying the (1) employees who will recover under this Consent Judgment, (2) the gross backwages to be paid to each employee, (3) the time period for which each employee will be receiving backwages, and (4) the liquidated damages to be paid to each employee.

    b. By January 25, 2019, based on the Secretary's Amended Exhibit A to this Consent Judgment, Defendants will file a Schedule of Net Backwages To Be Paid, listing the (1) the gross backwages to be paid to each employee, (2) each required withholding for each employee's portion of backwage tax obligations, and (3) the backwages to be paid to each employee net of these required tax withholdings ("Net

Backwages").

c. The first installment payment of 10 percent of the Total Settlement Amount (*i.e.*, One Hundred Thousand Dollars and Zero Cents ($100,000.00)), less required withholdings for employees' portions of backwage tax obligations, will be delivered to the Secretary on March 1, 2019, provided that: i) the Court enters this Consent Judgment in the Primary Lawsuit; and ii) the Secretary files a notice of dismissal with prejudice of the Retaliation Lawsuit against all parties to the Retaliation Lawsuit. This payment shall consist of the following: (1) 10 percent of the total Net Backwages to be paid to employees referenced in section (b) above; and (2) 10 percent of the total liquidated damages to be paid to employees.

d. Subsequent installment payments of at least 10 percent of the Total Settlement Amount ("Installment Percentage"), less required withholdings for employees' portions of backwage tax obligations, shall be delivered to the Secretary on the first day of each month thereafter until the Total Settlement Amount is paid in full, with simple interest to accrue at the rate of 2.4% per annum on the unpaid balance beginning as of each month thereafter.

   i. Any subsequent payment that is not the final payment shall consist of the following: (1) the Installment Percentage of the total Net Backwages to be paid to employees; (2) the Installment Percentage of the total liquidated damages to be paid to employees; and (3) any accrued interest.

   ii. Any subsequent payment that is the final payment shall consist of the following: (1) $75,000 in civil money penalties to be paid; (2) the remaining balance of Net Backwages to be paid to employees; (3) the remaining balance of liquidated damages to be paid to employees;

and (4) any accrued interest.

  iii. The entire settlement amount of $1,000,000, less employees' portions of backwage tax withholdings, plus any accrued interest must be paid by December 1, 2019.

 e. All payments made under Paragraph G will be through delivering (1) a check made payable to the order of "Wage & Hour Div., Labor" (2) with "Austin Electric" in the memo line (3) to Wage and Hour Division, United States Department of Labor, Attn: Eric Murray, 230 N. First Avenue, Suite 402, Phoenix, AZ 85003.

 f. Defendant Austin Electric may elect to prepay, with no penalty, any unpaid balance of the Total Settlement Amount.

H. Defendants agree that any individual or entity acting on their behalf or at their direction in respect to employees' conditions of employment including, duties, schedules, hours worked, pay, and/or payroll processing (including but not limited to attorneys, supervisors, superintendents, or foremen) will be provided with notice of the provisions of this Judgment within 30 days of entry.

It is therefore, upon motion of the attorneys for the Secretary and Defendants, and for cause shown,

ORDERED, ADJUDGED, AND DECREED that Austin Electric, its officers, agents, servants, and employees and those persons in active concert or participation with them who receive actual notice of this order (by personal service or otherwise) be, and they hereby are, permanently enjoined and restrained from violating the provisions of Sections 15(a)(2), 15(a)(3), and 15(a)(5) of the FLSA, 29 U.S.C. §§ 215(a)(2), 215(a)(3), and 215(a)(5), in any of the following manners:

1. Austin Electric shall not, contrary to FLSA § 7, 29 U.S.C. § 207, employ any employee who in any workweek is engaged in commerce, within the meaning of the FLSA, or is employed in an enterprise engaged in commerce or in the production of goods for commerce, within the meaning of FLSA § 3(s), for any workweek longer than 40 hours

unless such employee receives the applicable overtime premium for his or her employment in excess of 40 hours in such workweek.

2. Austin Electric shall not fail to make, keep, make available to authorized agents of the Secretary for inspection, transcription, and/or copying, upon their reasonable demand for such access, and preserve records of employees and of the wages, hours, and other conditions and practices of employment maintained, as prescribed by regulations issued, and from time to time amended, pursuant to FLSA §§ 11(c) and 15(a)(5), 29 U.S.C. §§ 211(c) and 215(a)(5) and the implementing regulations found in Title 29, Code of Federal Regulations, Part 516.  Among other things, Defendants must accurately record the information required by 29 C.F.R. § 516.2 in the payroll records, including (1) all hours worked by employees each workday and workweek; (2) the rate(s) of pay for each of the hours worked during a workweek; (3) the total weekly straight-time earnings due for the hours worked during the workweek; and (4) the total premium pay for overtime hours. If production bonuses or incentives are used the method of computing such bonuses, the pay rates shall be made available to each employee.  Each employee shall also have the right to inspect Defendants' production records and payroll records relating to himself/herself.

3. The Secretary shall allocate and distribute the backwages, liquidated damages, and interest funds described in Paragraph G, to the persons named in the operative Exhibit A to this Consent Judgment, or to their estates if that is necessary, in his sole discretion, and any money not so paid within a period of three years from the date of its receipt, because of an inability to locate the proper persons or because of their refusal to accept it, shall then be deposited in the Treasury of the United States, as miscellaneous receipts, pursuant to 29 U.S.C. § 216(c).

4. Austin Electric and its officers, agents, servants, and employees and those persons in active concert or participation with them, shall not in any way directly or indirectly, demand, require or accept any of the back wages or liquidated damages from any of the employees listed on the operative Exhibit A to this Consent Judgment. Austin Electric shall not threaten or imply that adverse action will be taken against any employee

because of their receipt of funds due under this Consent Judgment.

5. Austin Electric and its officers, agents, servants, attorneys, and employees and those persons in active concert or participation with them, shall not, contrary to FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3), in any way retaliate or take any adverse employment action, or threaten or imply that adverse action will be taken against any employee who exercises or asserts his or her rights under the FLSA or provides information to any public agency investigating compliance with the FLSA. Nothing in this Consent Judgment prohibits Austin Electric from operating its business or taking personnel actions that are required in the normal course of its business to effectuate compliance with Austin Electric's policies and procedures. Nothing in this Consent Judgment alters the at-will nature of employees' employment with Austin Electric. Nothing in this Consent Judgment shall be construed to affect or limit the rights and/or defenses of individuals or entities in any future action under 29 U.S.C. § 215(a)(3).  Nothing in this Consent Judgment shall operate as or constitute waiver of the attorney client privilege or attorney work product privilege.

6. Within six (6) months of the date that the Court enters this Consent Judgment, Austin Electric shall conduct training as to the requirements of the FLSA. The training shall be for one session of not less than one hour with an opportunity for questions and answers and shall address the FLSA's minimum wage, overtime, record keeping, disclosure, and anti-retaliation requirements.  Austin Electric's management, supervisors and individuals who determine the employees' pay or schedules or who prepare payroll shall attend this training, which shall cover the compensable time for which employees shall receive pay. Defendants shall maintain documentation of these trainings for a period of two (2) years and shall provide it to representatives of the Secretary of Labor upon request. The documentation must include without limitation a list of attendees (with their signatures), the content of the training, including any materials used, distributed or referenced during the training, and the date, time and location of the training. This provision shall be in effect for a period of two (2) years from the date entry of this Judgment by the Court.

7. Within thirty (30) days of the entry of this Consent Judgment, Defendants shall supply all of their piece rate employees with copies of the attached Exhibit B, which summarizes terms of this Consent Judgment and the employees' rights under the FLSA. English and Spanish versions are included in the attached Exhibit B. In addition, Defendants shall provide copies of Exhibit B to all new hires, and conspicuously post a copy at all business offices in a location that is frequented by employees and where it is visible. This provision shall be in effect for a period of two (2) years from the date entry of this Judgment by the Court. Within seven days of distributing the notice to current employees and posting it, Austin Electric shall notify the Secretary in writing of (1) when it completed distribution and posting and (2) where it posted the notices.

FURTHER, JUDGMENT IS HEREBY ENTERED, pursuant to Sections 16(c) and 16(e) of the FLSA, 29 U.S.C. §§ 216(c), (e) in favor of the Secretary as a judgment to be paid to the Secretary by Defendant Austin Electric in the total amount of One Million Dollars and Zero Cents ($1,000,000.00), less required withholdings for employees' portions of tax obligations, which is comprised of: $462,500 in backwages, less required withholdings for employees' portions of tax obligations to be paid by Austin Electric; and pursuant to authority expressly provided in Section 16 of the FLSA, 29 U.S.C. § 216, an additional equal amount as liquidated damages of $462,500, and an additional amount of $75,000 as civil monetary penalties. Payment of these amounts shall be made based on the following procedure:

    a. By January 11, 2019, the Secretary shall file an Amended Exhibit A to this Consent Judgment identifying the (1) employees who will recover under this Consent Judgment, (2) the gross backwages to be paid to each employee, (3) the time period for which each employee will be receiving backwages, and (4) the liquidated damages to be paid to each employee.

    b. By January 25, 2019, based on the Secretary's Amended Exhibit A to this Consent Judgment, Defendants shall file a Schedule of Net Backwages To Be Paid, listing the (1) the gross backwages to be paid to each

    employee; (2) the required withholdings for each employee's portion of backwage tax obligations, and (3) the backwages to be paid to each employee net of these required tax withholdings ("Net Backwages").

  c. The first installment payment of 10 percent of the Total Settlement Amount (*i.e.*, One Hundred Thousand Dollars and Zero Cents ($100,000.00)), less required withholdings for employees' portions of backwage tax obligations, will be issued to the Secretary on March 1, 2019, provided that: i) the Court enters this Consent Judgment in the Primary Lawsuit; and ii) the Secretary files a notice of dismissal with prejudice of the Retaliation Lawsuit against all parties to the Retaliation Lawsuit. This payment shall consist of the following: (1) 10 percent of the total Net Backwages to be paid to employees referenced in section (b) above; and (2) 10 percent of the total liquidated damages to be paid to employees.

  d. Subsequent installment payments of at least 10 percent of the Total Settlement Amount ("Installment Percentage"), less required withholdings for employees' portions of tax obligations, shall be issued to the Secretary on the first day of each month thereafter until the Total Settlement Amount is paid in full, with simple interest to accrue at the rate of 2.4% per annum on the unpaid balance beginning as of each month thereafter.

    i. Any subsequent payment that is not the final payment shall consist of the following: (1) the Installment Percentage of the total Net Backwages to be paid to employees; (2) the Installment Percentage of the total liquidated damages to be paid to employees; and (3) any accrued interest.

    ii. Any subsequent payment that is the final payment shall consist of the following: (1) $75,000 in civil money penalties to be paid;

      (2) the remaining balance of the Net Backwages to be paid to employees; (3) the remaining balance of liquidated damages to be paid to employees; and (4) any accrued interest.

    iii. The entire settlement amount of $1,000,000, less employees' portions of backwage tax withholdings, plus any accrued interest must be paid by December 1, 2019.

  e. All payments made pursuant to this order shall be through delivering (1) a check made payable to the order of "Wage & Hour Div., Labor" (2) with "Austin Electric" in the memo line (3) to Wage and Hour Division, United States Department of Labor, Attn: Eric Murray, 230 N. First Avenue, Suite 402, Phoenix, AZ 85003.

  f. Defendant Austin Electric may elect to prepay, with no penalty, any unpaid balance of the Total Settlement Amount.

  **IT IS ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall act and shall be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee named on Amended Exhibit A to the Second Amended Complaint for any period specified therein, and as to any employee named on any amended Exhibit A to this Consent Judgment; and

  **IT IS FURTHER ORDERED** that the filing, pursuit, and/or resolution of this proceeding with the entry of this Consent Judgment shall not act as or be asserted as a bar to any action or claim under FLSA § 16(b), 29 U.S.C. § 216(b), as to any employee not named on Amended Exhibit A to the Second Amended Complaint, or as to any employee not named on any amended Exhibit A to this Consent Judgment, nor as to any employee for any period not specified therein; and

  **IT IS FURTHER ORDERED** that this Judgment represents a full and complete resolution of all claims through the date of the Court's entry of the Consent Judgment alleged against Defendants in the Primary Lawsuit Complaint, First

Amended Complaint and the Second Amended Complaint; and

**IT IS FURTHER ORDERED** that each party shall bear its own fees and other expenses incurred by such party in connection with any stage of this proceeding, including but not limited to attorneys' fees, which may be available under the Equal Access to Justice Act, as amended.

**IT IS FURTHER ORDERED** that this Court shall retain jurisdiction of this action for purposes of enforcing compliance with the terms of this Judgment.

Dated this 7th day of January, 2019.

Honorable Roslyn O. Silver
Senior United States District Judge

Consented to By:

| For the Plaintiff: | For Defendants: |
|---|---|
| KATE S. O'SCANNLAIN<br>Solicitor of Labor | _____<br>Toby Thomas |
| JANET M. HEROLD<br>Regional Solicitor | Date: _____ |
| BY: *[signature]*<br>BORIS ORLOV<br>Senior Trial Attorney | _____<br>Austin Electric Services, LLC |
| Date: December 31, 2018 | BY:_____<br>      Printed Name |
| | ITS:_____<br>      Title |
| | Date: _____ |

Consented to By:

For the Plaintiff:

KATE S. O'SCANNLAIN
Solicitor of Labor

JANET M. HEROLD
Regional Solicitor

BY: _____
    BORIS ORLOV
    Senior Trial Attorney

Date: _____

For Defendants:

_____
Toby Thomas

Date: _12-31-18_

_____
Austin Electric Services, LLC

BY: _TOBY A. THOMAS_
    Printed Name

ITS: _PRESIDENT_
    Title

Date: _12-31-18_

- 12 -